LUCY SELKIRK, EXECUTRIX, v. A. P. McCORMICK, EXECUTOR, ETC.

1. In March, 1858, R. executed his due bill to M., and died soon afterwards; whereupon M. proved it up as a claim subject to no offsets, and presented it for allowance to R.'s executor, who indorsed on it an unqualified allowance, although he then held an offset against M., and then told M. that he held such offset. Afterwards the due bill, thus probated and allowed, was assigned for value by M. to the plaintiff S., who acquired it without notice of the offset held by R.'s executor against M. *Held*, (reversing the district court) that the offset is not valid as against S., who purchased the due bill without notice of the offset.

APPEAL from Matagorda. Tried below before the Hon. I. B. McFarland.

The instrument proved up by the appellant against the estate of Reese is called a " note " in the opinion of the court, but was in the form of a due bill.

The appellee, Reese's executor, answered that in January, 1859, the due bill, probated, was presented by McCoy to him for allowance; that it being an overdue instrument, and not liable to be transferred so as to exclude offsets, and respondent not having

with him at the time the note of McCoy, claimed as an offset, and not deeming it necessary to make mention of this offset in his allowance of the due bill, he, respondent, allowed the due bill generally, but informed McCoy that he held his note (which is set out in the opinion), and would deduct it when payment of the due bill should be made. Other facts are alleged in the answer, but they have no bearing on the rulings of this court, and there is no occasion to recapitulate them here. There was no evidence that Selkirk, appellant's testator, at the time he acquired Reese's due bill from McCoy, had any notice that Reese's executor held any claim against McCoy.

All other facts of any significance are stated in the opinion.

*John W. Harris*, for the appellant.—Now on this statement of the case it is submitted on the part of the appellant, that the offset claimed by the executor of Reese cannot be allowed against the note given by Reese after it had been allowed and approved, and had passed into the hands of an innocent purchaser for a valuable consideration. (See Swenson v. Walker, 3 Tex. R., 97, 98, 99; see also the case of Anthony, administrator, v. Whitmore, decided at the last term of this court, in the printed opinions, p. 21.)

The approval and allowance of this claim amounted to a judgment. (Finley v. Carothers, 9 Tex. R., 517; Newell v. Hodge, 9 Tex. R., 489.)

The allowance and approval of the claim, no doubt, caused Selkirk to purchase it.

*A. S. Lathrop*, for appellee, cited Paschal's Digest, Article 221, to sustain the offset.

DENISON, J.—This was originally a proceeding in the County Court of Matagorda county, acting in probate matters upon a petition for the sale of property to pay a claim.

At the June term of said court the prayer of the petitioner was granted and an order of sale decreed. An appeal was then taken to the District Court, and by a decree of that court, rendered at the Spring term 1868, the decree and order of the County Court was reversed and set aside.

From this last decree an appeal was taken to this court. The facts in the case are substantially as follows : Lucy Selkirk, executrix of the will of James H. Selkirk, asks, in the County Court, for an order directing A. P. McCormick, executor of the will of C. K. Reese, to sell property of his testator's estate to pay a claim held by her against that estate, which was based upon a note, bearing date the twelfth of March, 1858, for the sum of seven hundred dollars, with interest at ten per cent. from date, payable to Buckner McCoy or order, and signed by Chas. K. Reese. This note was regularly verified by the affidavit of McCoy on the nineteenth day of January, 1859, and presented to the said executor, A. P. McCormick, and allowed by him as a just claim against his testator's estate, and this allowance was approved by the Chief Justice on the seventh of February, 1859. On the tenth of the same month Buckner McCoy, for value received, transferred and indorsed this claim to James H. Selkirk.

On the trial, the defendant offered in evidence the following note, with indorsements as an offset :

" $431 48.            LAVACA, Texas, March 1, 1858.

" One day after date, I promise to pay to the order of J. W. Randall & Co. four hundred and thirty-one dollars and forty-eight cents, value received, at their office, Lavaca, with interest one per cent. per month from maturity.     " BUCKNER McCOY.

" Due March 3, 1858.

" No. 119 "

" (Endorsed.)    431 48.—Note.

                " B. McCoy.

" March 1, 1858.           " J. W. Randall & Co."

It does not appear from the record that James H. Selkirk had any notice at the time of his purchase from McCoy of the existence of the claim set up as an offset; he was consequently an innocent purchaser and entitled to full payment of this claim.

The judgment of the district court is reversed and the decree of the county court affirmed, and the cause remanded.

Reversed and remanded.