Laird v. The State.

## WILLIAM LAIRD v. THE STATE.

Where there is no entry disposing of a motion for a new trial, the presumption is that the motion was abandoned; not being acted on, it is discharged by operation of law at the end of the Term; and it cannot be assigned as error, in such a case, that the Court below erred in overruling the motion.

Appeal from Gonzales. Indictment for exhibiting a gaming table.

*B. Shropshire*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The only error assigned, which is relied on, is the overruling of the motion for a new trial. But it does not appear by the record that there was any such ruling in the Court below. There is in the transcript what purports to be a motion for a new trial, signed by counsel; but it does not appear to have been acted on, or brought to the notice of the Court. To authorize the reversal of a judgment, the error of the Court must appear by the record. We cannot presume that the Court erred; on the contrary, it must be presumed that the Court acted in all things rightly, until the contrary appears. In McKean v. Ziller, (9 Tex. R. 58,) it was held, that the motion for a new trial, not having been acted on, was discharged at the end of the Term by operation of law. (And see as to the proper remedy in cases like the present, Burton v. Bondies, 2 Tex. R. 204.)

The defendant should have asked the action of the Court upon his motion for a new trial. Not appearing to have done

so, the inference must be, that, after having filed his motion, he declined and abandoned it; and not having been acted on, it was discharged by operation of law at the end of the Term. The judgment is affirmed.

Judgment affirmed.