J. M. BASS v. J. M. HAYS.

1. A motion for new trial not acted on is discharged by the adjournment of the court.

2. At the close of the term the District Court loses all jurisdiction over its final judgments, and has no power to vacate the same save by original bill for that purpose.

3. An order of the District Court vacating a final judgment rendered in the same case at a former term, will be set aside by the Supreme Court on appeal by the party injured.

APPEAL from Lamar.    Tried below before the Hon. A. H. Latimer.

Suit was filed by appellant against appellee to the November term, 1870.    Service was had and judgment by default; writ of inquiry executed and final judgment rendered November 27, 1870, for appellant.

A motion for new trial was filed and amended at same term, but not acted upon by the court.

At the March term, 1871, another motion, or amended motion, for new trial was filed, but not acted upon until, at the July term, 1871, the court, upon said motions, granted a new trial.

At the March term, 1872, the appellant filed his motion to set aside the order of said court, rendered in said cause on the eighteenth of August, 1871, which said order set aside the judgment by default in favor of plaintiff against defendant, rendered during the November term, 1870, and granted the defendant a new trial, because he says "that the court had no jurisdiction of said case in the way attempted; it had no right to disturb its own decrees at a former term, and said order granting the new trial is, for this reason, a nullity."

This motion was by the court overruled, to which the plaintiff excepted and gave notice of appeal to the Supreme Court.

*Bennett & Ballinger*, and *S. B. Maxey*, for appellant. We insist that the court had no jurisdiction at that time to hear and determine the motion for new trial, and that its whole action after the close of the November term, 1870, at which the judgment in favor of plaintiff (appellant) was rendered, is without jurisdiction, in violation of the vested rights of appellant, null and void. (McKean v. Ziller, 9 Texas, 59; Laird v. The State, 15

Texas, 317; Bullock v. Ballew, 9 Texas, 500; Wilcox v. The State, 31 Texas, 588.)

It is conceded that a court may grant a new trial after the close of the term, but the law places close restrictions upon the exercise of this power. It can only be done upon an original proceeding had for the purpose, and then only upon the clearest showing.

It is not pretended that the defendant was debarred by any act of plaintiff from making his defense, nor does he even set up that he had employed counsel (though that would make no difference), but simply that he had talked to a lawyer whom he had employed in other cases, and supposed he would have filed an answer, and that he did not suppose the case would have been reached so soon. All this would not have availed had he proceeded regularly. (Scrivner v. Malone, 30 Texas, 775.) Certainly it cannot possibly avail when he has wholly disregarded the mode pointed out by the law for obtaining a new trial after the close of the term at which judgment was rendered. "In applications for new trial at a term of the court subsequent to the trial term at which judgment is obtained, the proceeding is in the nature of an original suit in equity. Whatever, therefore, would be the subject of equitable cognizance in any case would be of like cognizance in a suit for a new trial." (Davis v. Terry, 33 Texas, 426.) "The judgment becomes a vested right which can only be divested by a direct proceeding, and for sufficient legal cause, in some of the modes known to the law. The maxim of the civil law, *res judicata pro veritate accipitur*, is recognized and applied by our own." (Goss v. McClaren, 17 Texas, 115; see also Caperton v. Wanslow, 18 Texas, 133; Fisk v. Miller, 20 Texas, 577; Vardeman v. Edwards, 21 Texas, 739.)

*G. W. Wright*, for appellee.

OGDEN, J.—At the November term, 1870, of the District Court, appellant obtained a judgment by default against the appellee. A motion for a new trial was filed at that term, but not acted upon by the court. At a subsequent term another motion for a new trial was filed, and this motion also was not acted upon during the term at which it was filed, but at the following term an amended motion was filed and acted upon by the court, and a new trial awarded. At a subsequent term of the court the plaintiff moved the court to set aside the order granting a new trial, and to award execution on the original judgment, which was overruled, and from this judgment of the court an appeal has been taken. This court has frequently decided that the exercise of a legal discretion by the District Court in granting new trials was not a subject for revision by an appellate court. But this rule should be confined to the legitimate exercise of that discretion, and while the court has jurisdiction of the subject matter and the parties at interest.

The statute provides that motions for new trials shall be made within two days after the rendition of the verdict, and that all motions for new trials shall be determined at the term of the court at which such motion shall be made. In McKeen v. Ziller, 9 Texas, 58, this court decided that "the mandate of the law is peremptory and must be obeyed, and that at the end of the term the motion, not having been acted on, was discharged by operation of law." This decision has been followed by this court without a known exception, and must now be considered as the established law of the State.

After the close of the term the court loses all jurisdiction over its final judgments, and has no power to vacate the same, excepting by an original proceeding for that purpose, by petition or bill, setting forth sufficient equita-

ble grounds, with citation to the opposite party, as in other original suits.

The case of McKeen v. Ziller is quite similar to the one at bar, and is decisive of the law of this cause. We therefore adopt the language of the court in that case, in deciding that "the court erred in refusing to set aside the proceedings subsequent to the judgment, and to award execution; that the judgment be therefore reversed, and such judgment be rendered as the court below ought to have rendered."

REVERSED AND REFORMED.