## J. L. Sears and wife v. Francis A. Green.

(Case No. 2784.)

1. Jury.— Where the transcript recites, " a jury came of good and lawful men, R. G. Childress and eleven others," the objection that the record does not show that a jury of twelve men were impaneled to try the cause is frivolous. Clark v. Davis, 7 Tex., 560; Johnson v. Smith, 14 Tex., 412.

2. Practice — Entering special issues in the minutes.— While it is proper that special issues submitted to the jury and their verdict thereon should be entered in the minutes of the court, yet where the transcript shows that the issues were made up under the direction of the court and made a part of the record, the omission to so enter them on the minutes is not such irregularity as will reverse the case.

3. Judgment.— It is not necessary to recite the facts in the judgment. Hoffman v. Bowen, 17 Tex., 507; Cook v. Hancock, 20 Tex., 3; Hamilton v. Ward, 4 Tex., 356.

4. Motion for new trial.— A motion for new trial on which no action appears to have been taken, or the attention of the court called to it, will be considered as waived, and the judgment will not be revised for want of testimony to warrant the verdict. Foster v. Smith, 1 Tex., 70; Reynolds v. Williams, id., 312; Hart v. Ware, 8 Tex., 115; Cain v. Mack, 33 Tex., 136; McKean v. Ziller, 9 Tex., 58.

5. Parties.— Whether a minor entitled to remainder in property in controversy is or is not a proper party, the defendant will not be permitted to raise the question for the first time on appeal, unless he has been injured by want of necessary parties to the suit. Story's Eq. Pl., 140, 161, 766; Hughes v. Roper, 42 Tex., 125; Herndon v. Bremond, 17 Tex., 434.

Appeal from Bosque. Tried below before the Hon. F. P. Wood.

Francis A. Green filed her suit in the district court of Bosque county, on the 12th day of June, 1871, against Emily E. Sears and her husband, J. L. Sears, J. W. Helm, a minor, and George W. Helm, guardian of said minor.

After alleging citizenship of plaintiff in Kentucky and defendants in Bosque county, Texas, petition alleges in substance as follows, to wit:

1. Defendant Emily E. Sears, previous to her marriage with defendant J. L. Sears, was the widow of Willis Helm, deceased.

2. Plaintiff, Francis A. Green, is the widow of Milton Green, deceased; by Milton Green she had three children, to wit, Isabella, Nancy and Francis; Milton Green died in Kentucky in 1851, leaving an estate of some value, consisting of money and other property; said children were his only heirs; that Willis Helm, the former husband of defendant, Emily E. Sears, was appointed guardian of the estates of said children, in Lincoln county, Kentucky, soon after the death of their father, and the estate went into his hands; on the 27th of March, 1859, Willis Helm stated an account of his guardianship in said county, which showed an indebtedness of $2,902.14 to said minors; immediately after the statement of said account Willis Helm moved to Bosque county, Texas, without having made any final settlement of the estate of said minors, and brought with him their money as showed to be due on said account stated; Willis Helm invested $1,300 of this money in a tract of land in Bosque county, the field-notes of which are set forth in the petition, and $1,250 in certain personal property, also specifically described, taking the title in his own name, the land being bought from one Scott, and dated February 18, 1860; he took possession of the land and occupied it with his wife Emily until he died in 1865, leaving a will, which was probated, wherein this land and personal property were devised and bequeathed to said Emily for life, remainder to said minor, J. W. Helm, said Emily being executor, and not required to give bond, and having power to sell any of the property; Emily took possession under said will, and now has possession, and is claiming the property thereunder.

3. All of said minor children died during their minority, and the plaintiff, Francis A. Green, as their mother, is their only legal heir.

4. Said Willis Helm never paid any part of said money due on his settlement made in 1849, but that in 1865, James Bently, one of the sureties on his guardian bond, paid a subsequent guardian $750, and there now remains due from Willis Helm's estate the sum of $4,660.49.

5. Petition alleges plaintiff is the owner of said land and

personal property, sues for the same, and prays for a decree divesting title out of defendants and investing it in plaintiff, and for general relief.

8. On the 6th of October, 1873, plaintiff amended her petition, alleging the value of the rents of the property to be $1,000 annually, and prays judgment for rents.

1. All the defendants demurred to the original petition June 4, 1872, and for special exception say the petition is duplicitous, in seeking to recover both the property and the money, and so far as the suit was for money the claim was not probated according to law.

Defendants filed, at the same time, general denial and a special answer which constitutes no defense.

2. On June 5, 1872, defendants filed a separate answer, on which no issue was raised, and presented no defense, except so much thereof as charged that defendants had taken care of the stock and other property, and should be paid therefor a certain sum — $300.

At the February term, 1874, of the Bosque court, the case was called for trial. The only minute of the court at that term reads thus:

"Francis A. Green v. J. L. Sears et als. (217).

"In this case the jury having returned answers to issues submitted, which are received by the court, this cause by agreement of counsel in open court is continued until the next term of this court, for the consideration by the court of the legal questions involved, before entering a decree herein on the facts found by the jury."

At the succeeding term of the court the following judgment was entered on the minutes:

"Francis A. Green v. J. L. Sears et als. (217).

"This cause coming on to be heard on the —— day of February, 1874, at the last term of this court, the plaintiff in person and by attorneys, and the defendants J. L. Sears and Emily E. Sears in person and by attorneys, came, and answered they were ready for trial; and George W. Helm, guardian of James Willis Helm, came not, but wholly made default; and thereupon came a jury of good and lawful men, to wit:

"R. G. Childress and eleven others, who were duly and legally impaneled and sworn to try this cause, and who, after hearing the pleadings read, the evidence adduced by the parties, the argument of counsel, the charge of the court, and the special issues made up under the direction of the court, and submitted to them by the court, to be answered by the jury, retired for deliberation, and afterwards returned into court their verdict, being the answers to the several issues so submitted by the court, which verdict and answers were received by the court and are a part of the record; and by agreement of counsel, in open court, it was ordered that this cause be continued until the next term of this court, for consideration by the court of the legal questions involved, before entering a decree on the facts found by the jury. •

"It is therefore on this, the —— day of June, A. D. 1874, ordered by the court, that a decree be now entered on said verdict and answers of the jury; and it is considered, adjudged and decreed by the court that on all the facts found by the jury the law is with the plaintiff, and that Francis A. Green do have and recover of and from J. L. Sears and Emily E. Sears, his wife, and from James Willis Helm and George W. Helm, his guardian, the land sued for (describing it in the decree). It is further ordered, adjudged and decreed by the court, that Francis A. Green, plaintiff, do have and recover of and from the defendant J. L. Sears the sum of $1,264, for which execution may issue." Then follows judgment for costs.

On June 9, 1874, defendants, Sears and wife, made motion for new trial, and the minutes of the court show no action of the court on the motion.

A statement of facts was filed and approved February 13, 1874. The same statement was re-signed by counsel and approved June 11, 1874.

Defendants, Sears and wife, filed petition for writ of error the 10th of August, 1874, gave bond the same day, and plaintiffs were duly cited to answer the writ.

The foregoing excerpt from the brief of the plaintiff in error states sufficiently the nature and object of the suit.

There is no action of the court upon the demurrer to the

petition of the plaintiff, nor any bills of exception in the record.

*Walton, Green & Hill* and *Sleeper, Jones & Kendall*, for plaintiffs in error.

*L. C. Alexander*, for defendant in error.

QUINAN, J.— The assignments of error are as follows in substance:

1. That the record does not show that a jury of twelve men were impaneled to try the case.

2. This assignment is abandoned.

3. That the verdict does not appear upon the minutes of the court.

4. This assignment is substantially the same as the preceding.

5. That the judgment does not show on what account it was rendered; that if for cattle it should have been in the alternative.

6. That the record does not show that the special issues were made up under the direction of the court.

7. The seventh assignment is substantially the same as the third and fourth.

8. That the judgment of the court is not in accordance with any verdict of the jury.

9. That the statement of facts does not warrant any judgment in favor of plaintiff.

10. That the defendants were entitled to a new trial for the reasons set forth in their motion.

We will consider these assignments briefly in the order in which they are made.

The first assignment is not well taken. The objection is frivolous. The transcript recites that "a jury came of good and lawful men, to wit, R. G. Childress and eleven others, to try the cause," and this is sufficient. There was no necessity that the names of all the jurors should be set out in the record. If the entry at the February term was insufficient, the entry at the subsequent term amends it, and this the court had power to do. Clark *v.* Davis, 7 Tex., 560; Johnson *v.* Smith, 14 Tex., 412.

The third, fourth and seventh assignments of error raise the question whether the special issues submitted to the jury, and the answers of the jury thereto, must be incorporated in the minutes of the court.

It is undoubtedly proper that the issues and the verdict should be entered in the minutes. It is the invariable practice, so far as we are advised, and ought to be adhered to. They constitute an important part of the proceedings in the case, and ought assuredly to be entered in the record of the proceedings of the court; but we are not prepared to say that the issues submitted and the answers of the jury are any the less a part of the record, because not recorded in the minute book. In the present case the minutes do recite "that the special issues made up under the direction of the court were submitted to them by the court to be answered by the jury, and that afterwards the jury returned into court their verdict, being the answers to the several issues so submitted by the court, which verdict and answers were received by the court, and were a part of the record." In the return of the clerk to the *certiorari* issued to perfect the transcript, the special issues are copied, and an indorsement on the back: "Special issues submitted by and under the direction of the court. F. P. Wood, Judge." The verdict of the jury is also set out signed, "R. G. Childress, Foreman." And the certificate of the clerk attests that these special issues and findings of the jury "appear of record now on file in my office."

What were the special issues submitted, and what the answers of the jury thereto, is thus, we think, abundantly identified, and that they were made a part of the record, and are such, in fact, is certified to us in the only way it could be certified — by the custodian of the record. We are not advised of any law which imperatively requires that the issues and verdict can be recorded only in the minute book in civil proceedings. If the omission so to do is irregular, it is not such error as should deprive the plaintiff of the benefit of her verdict and vitiate the proceedings. The fifth assignment, that the judgment does not show on what account it was rendered, and that if for cattle it should have

been in the alternative, is not well taken. It is not necessary to recite the facts in the judgment. The answers of the jury to the issues presented them are sufficient to support a judgment for $1,200 for rent (balance of amount over repairs), and for $120 for cattle sold, and $24 for two cows and calves sold; but Sears is allowed $100 for taking care of the cattle, which deducted, the amount of the judgment should be for $1,244, instead of $1,264. The plaintiff having remitted the sum of $20, the judgment for the residue is not unsupported by the answers, and the objection made, that the judgment should have been for cattle remaining in possession of the defendant, or in the alternative, does not apply, for there is then no recovery except for cattle sold. Hoffman v. Bowen, 17 Tex., 507; Cook v. Hancock, 20 Tex., 3; Hamilton v. Ward, 4 Tex., 356.

The sixth assignment of error is not supported by the record. The judgment recited that the issues were made up under the direction of the court.

The seventh and eighth assignments we have already considered under the previous assignments.

The ninth assignment of error questions the sufficiency of the facts proven to warrant the judgment.

The verdict of the jury was returned at the February term, 1874. The motion for a new trial made in this case was not filed until June 6, 1874, and it does not appear to have been called to the attention of the court, and was never acted upon. We must therefore consider it as waived. It is as if it had never been made. It cannot be considered for any purpose, and the defendants below acquire no right because of it. It is true that in Mason v. Russell, 1 Tex., 721, Lipscomb, J., intimates the opinion that a motion not granted would be considered as overruled; but this expression of opinion was not acted upon in that case, and was not necessary to its decision. In Foster v. Smith, 1 Tex., 70, the court say: "No judgment ought to be reversed in this court merely on the ground that the verdict was not supported by the testimony unless a motion had been made in the court where the verdict was rendered, and overruled." And in Cotton v. The State, it is said: "The rule announced in this case (Foster

*v.* Smith), it is believed, has been observed to the present time, and it is not intended to question its correctness in civil cases." In Hart *v.* Ware, 8 Tex., 115, it is said that where there was no motion for a new trial the judgment would not be reversed on the ground that the verdict was not warranted by the evidence, and this is the settled law of the court. Cain *v.* Mack, 33 Tex., 136; Pas. Dig., 1473; McKean *v.* Ziller, 9 Tex., 58; Reynolds *v.* Williams, 1 Tex., 312.

We conclude that the defendants, by a motion for a new trial made at a subsequent term to the rendition of the verdict, and never called to the attention of the court and never acted upon, have not placed themselves in a position to be entitled to a revision of their case upon the sufficiency of the testimony to warrant the verdict.

The tenth assignment of error, for the reasons just stated, is not well taken. They were not entitled to a new trial.

It is insisted that there is fundamental error in not making the minor, J. W. Helm, a party, and in afterwards rendering a decree against him.

This point is first raised in this court upon appeal. It was not objected in the court below, nor is it assigned for error. And the guardian of the minor does not appeal. The objection is made by Sears and wife.

If the minor was not properly made party, the decree against him cannot affect his interests. Whether, as entitled in remainder to the property in controversy, he was a necessary party, may admit of some question. Story, Eq. Pl., 140, 161, 766. But it is not perceived in what way the interests of Sears and wife are injuriously affected by the judgment against the minor, and unless injury has resulted to them therefrom they cannot now for the first time be heard to complain. Hughes *v.* Roper, 42 Tex., 125; Herndon *v.* Bremond, 17 Tex., 434.

We conclude that the judgment should be affirmed for the amount rendered, less the sum remitted, at the costs of the defendants in error.

                                        AFFIRMED.

[Opinion delivered December 20, 1880.]