## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. ALEXANDER.

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1911. Rehearing Denied Nov. 29, 1911.)

1. DAMAGES (§ 20*) — TORTS — REMOTE DAMAGES—"FORESEEN."

A wrongdoer is liable for such injuries as might reasonably have been anticipated to result from his wrongful act, it being inaccurate to say that he is only liable for such damages as he could have foreseen, the primary meaning of "foreseen" being to see or know beforehand, though it may also be sometimes used in the sense of "anticipate" or "expect."

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 55–57; Dec. Dig. § 20.*

For other definitions, see Words and Phrases, vol. 3, p. 2892.]

2. DAMAGES (§ 20*)—PROXIMATE AND REMOTE.

The local agent of defendant railroad company had charged plaintiff with stealing coal and lumber, and defendant sent a detective to the town to investigate the charge, and while plaintiff was absent from town, which defendant's employés knew, and plaintiff's wife was at home with her 10 year old son and a lodger about 60 years of age, defendant's agents and the detective came into plaintiff's yard about 11 or 12 o'clock at night without permission, and went to a pile of lumber in the yard and carried a piece of plank away, which plaintiff's wife saw them do, and, recognizing them and realizing that they were hunting for evidence to sustain the charge against plaintiff, she became frightened and lost consciousness, which was followed by a nervous breakdown, injuring her physical health. *Held,* that the damages resulting from fright of plaintiff's wife were not too remote to be recoverable; it not being unreasonable for defendant's agents to have anticipated that she would become frightened under the circumstances.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 55–57; Dec. Dig. § 20.*]

3. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR.

Failure to sustain exceptions to causes of action alleged by the petition, other than that submitted to the jury, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

4. APPEAL AND ERROR (§ 547*)—GROUNDS OF REVIEW—PRESENTATION BELOW.

One moving for a new trial for newly discovered evidence, as shown by affidavits attached to the motion, must show that the affidavits were brought to the trial court's attention, in order to have reviewed his ruling denying the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2427; Dec. Dig. § 547.*]

Appeal from District Court, Hill County; W. C. Wear, Judge.

Action by W. J. Alexander against the St.

Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

E. B. Perkins, D. Upthegrove, and Scott, Sanford & Ross, for appellant. Collins & Cummings and Morrow & Morrow, for appellee.

KEY, C. J. This case comes to this court by transfer from the Dallas Court of Civil Appeals. It has been appealed before and will be found reported in 122 S. W. 572. We refer to the opinion of Chief Justice Rainey on the appeal referred to for a statement of the nature of the case and the rulings made on the controlling questions of law.

At the last trial in the court below the rulings of the Dallas Court of Civil Appeals were properly accepted and followed as the law of the case; and the trial judge submitted to the jury the issues which the appellate court held proper to be submitted, in order to determine the question of appellant's liability. The jury decided the case in favor of the plaintiff and awarded $3,000 damages for the injuries which it is alleged his wife had sustained on account of the trespass and wrongful conduct of the defendant's agents. Some of the questions presented on this appeal were decided against appellant on the former appeal, and we are not prepared to say that they were not correctly decided. The only question we care to discuss is presented by the contention, which is stressed on this appeal, that the injuries complained of and the damages sought to be recovered therefor are too remote. Appellant relies upon the oft-repeated but not accurate general statement of the law, to the effect that damages can be recovered for only such injuries as could have been foreseen. The primary meaning of the word "foreseen" is to see or know beforehand, although it may sometimes be used in the sense of "anticipate" or "expect."

[1] What results will flow from many wrongful acts cannot be known beforehand by any human being, and yet, when the wrongful conduct amounts to a tort, the wrongdoer is held responsible for such injuries as result directly and naturally from such wrongful conduct, if they are such as might reasonably have been anticipated or expected. And, when the tort constitutes a willful wrong, it has been held by high authority that the wrongdoer is responsible for the direct and immediate consequences thereof, whether or not they may be regarded as natural or probable, or whether they might have been contemplated, foreseen, or expected or not. 8 Am. & Eng. Ency. Law, p. 598, and cases there cited. However, in the case at bar the court instructed the jury, in effect, that the defendant was not liable unless the injuries complained of were the direct and proximate result of the defendant's wrongful conduct, and that such injuries ought to have been foreseen as a natural and probable consequence of such wrongful conduct.

[2] In substance, the plaintiff's case, as made by the testimony given by his wife and supported by her attending physician as to the resulting injuries, is about this: The defendant's agent at the town of Hillsboro, where the plaintiff resided, charged the plaintiff with unlawfully taking from the defendant certain coal and lumber. The agent referred to was named Denman. The defendant company sent one Wheeler, a detective, to Hillsboro to investigate the charge referred to, as well, perhaps, as a counter charge made by the plaintiff against Mr. Denman. The defendant had another employé by the name of Scarborough, who was working under Denman. On the night in question the plaintiff, W. J. Alexander, was absent from Hillsboro, which fact was known to one or more of the defendant's three employés referred to. The plaintiff's wife was at their home in Hillsboro, and there was also present in the house her son, about 10 years of age, and a man about 60 years of age, who occupied a room in the house as a lodger. Between 11 and 12 o'clock that night, according to the testimony of the plaintiff's wife, the defendant's three employés referred to, without permission, came in the plaintiff's yard, passed near his residence, and were going toward a pile of lumber; and, according to the testimony of one of the employés referred to, they took therefrom a piece of plank and carried it away. There was a street light shining, by which Mrs. Alexander recognized the three employés referred to. She knew beforehand that Wheeler was in Hillsboro investigating the charge against her husband. According to her testimony, when she saw the three men referred to, she thought they were hunting for testimony to sustain the charge made against her husband, she became very much frightened, lost consciousness and, as a result of such fright, she sustained a nervous breakdown and her bodily health was seriously impaired.

It was held, in Hill v. Kimble, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618, and Railway v. Hayter, 93 Tex. 239, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856, that damages were recoverable for physical and mental suffering caused by fright. But in this case it is contended that liability does not exist, because the injuries sustained by Mrs. Alexander could not have been foreseen or anticipated by appellant's agents who committed the trespass. It is urged in argument that Mrs. Alexander recognized the trespassers as soon as she saw them, and must have known that they did not intend to commit burglary or any other crime, and therefore it is contended that they were not required to anticipate that the commission of the trespass referred to at the time and for the purpose supposed by Mrs. Alexander would so fright-

en her as to cause both physical and mental suffering. While there may be some cases in other jurisdictions which tend to support appellant's contention, we do not feel disposed to follow them. When a woman knows that her husband is charged with committing a crime, and sees an agent of the private prosecutor invade the sanctity of her home in the nighttime for the purpose of procuring testimony against him, it is not unreasonable to suppose that she will become frightened; and the extent of such fright and the result it may have upon her body are matters dependent largely upon the temperament of the woman and all other surrounding circumstances. In this case, according to the testimony of Mrs. Alexander and her physician, the jury could very properly conclude that the injuries complained of were the direct and natural result of the wrongful tort committed by appellant's agents. This being true, and the jury having found, upon testimony which supports the finding, that the agents referred to were acting within the scope of their authority as agents, we perceive no sound reason why appellant should not be held responsible. Watson v. Dilts, 116 Iowa, 249, 89 N. W. 1068, 57 L. R. A. 559, 93 Am. St. Rep. 239.

If the plaintiff's wife and the physician who treated her told the truth, her health was so impaired by reason of the wrongful conduct complained of as to justify the verdict for $3,000, and we therefore overrule all the assignments of error which assail the verdict.

[3] The petition embraced more than one alleged cause of action; but, as the charge limited the jury to consideration of one only, the failure to sustain exceptions to the others constitutes no ground for reversal.

We also hold that no error was committed in the respects complained of in rulings made upon the admissibility of testimony. It was not shown that proper diligence had been exercised in reference to the alleged newly discovered testimony. It was not shown that appellant's attorneys, or some other agent connected with the litigation, did not know at the time of the trial the very fact which it is claimed could be shown by the new witnesses. It was so stated in the motion for new trial, but the motion was not sworn to by any one.

[4] Besides, it was not shown that the affidavits attached to the motion for new trial were called to the attention of the trial court. Colville v. Colville, 118 S. W. 870.

The court's charge, in connection with others given at appellant's request, presented the law of the case to the jury as favorably as appellant was entitled to have it presented.

The verdict of the jury involves findings in favor of the plaintiff on all of the material issues submitted by the charge, and we therefore find in favor of the plaintiff on all of those issues.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.