## BEASLEY et al. v. DUPLEX TRUCK CO.
### No. 2436.

Court of Civil Appeals of Texas. El Paso.
June 26, 1930.

On Motion to Dismiss April 24, 1930.

V. S. Gary and F. B. Davenport, both of Wink, for appellants.

L. A. Dale and Rutledge Isaacks, both of Pecos, for appellee.

### PELPHREY, C. J.

Appellee has suggested that this appeal should be dismissed for various reasons to which we have given careful consideration.

We have concluded that the motion is not well taken except as to the questions relative to the sufficiency of the appeal bond.

It appears that W. E. Baird, Jr., the clerk of the district court of Winkler county, is a party to the suit, and the trial court, because of that fact, appointed I. H. Russell clerk pro tempore to serve in this cause.

It further appears that the probable amount of the costs in this suit was fixed by W. E. Baird, Jr., at the sum of $400, and that he approved the appeal bond executed in that amount by appellants.

The bond should have been for double that amount and the clerk pro tempore should have fixed the amount of costs and approved the appeal bond.

Unless a bond meeting these requirements is filed in this court within twenty days from this date, the motion to dismiss will be sustained and the appeal dismissed.

### WALTHALL, J.

The Duplex Truck Company, a corporation, brought suit on an instrument in writing against George Berry and to foreclose a chattel mortgage on a certain motortruck given by George Berry to secure the indebtedness evidenced by said written instrument. That suit was No. 273 on the district court docket of Winkler county. In that suit a writ of sequestration was issued and levied upon said motortruck, and the motortruck was taken into possession of the sheriff of that county. Subsequently thereto George Berry gave a replevy bond with M. E. Beasley and R. D. Anderson as sureties on said bond, and took possession of the motortruck. Subsequent to the giving of said bond and before the trial of cause No. 273, George Berry died, and Hill D. Hudson was duly appointed and qualified as administrator of the estate of George Berry, deceased, and as such administrator was made a party to said suit. On the trial in cause No. 273 judgment in the sum of $2,800 was rendered in favor of the Duplex Truck Company and against Hill D. Hudson as administrator of the estate of George Berry, deceased, and against M. E. Beasley and R. D. Anderson, sureties on said replevy bond. We gather from the record that no appeal was taken from the judgment in cause No. 273, and that the parties defendant undertook to satisfy said judgment by delivering the motor truck to the sheriff of that county.

The present suit, No. 427, on the district court docket of that county, was brought by the Duplex Truck Company against Hill D. Hudson, in his official capacity as administrator of the estate of George Berry, deceased, Roy Clapp, sheriff of Winkler county, W. E. Baird, Jr., clerk of the district court of Winkler county, M. E. Beasley, and R. D. Anderson. Briefly stated, the petition recites the

proceedings in cause No. 273, the judgment of the court, the return of the motortruck, and alleges that since the replevy of said truck and prior to its return and prior to the entry of the judgment in cause No. 273, said truck was greatly injured and damaged, stating the particulars, and thereby reduced in value, stating same and alleging that by reason thereof defendants are not entitled to return or deliver the truck to plaintiff in satisfaction or partial satisfaction of said judgment without tendering and paying the value of said injury and damage, stating same, and pleading other matters which, in view of the disposition we have concluded must be made of this appeal, we need not state.

Defendants Beasley and Anderson filed answer. On one special issue submitted to the jury, the jury found the value of the motortruck at the time of the death of George Berry to be $2,550, and upon which verdict the court entered judgment as the basis of the entry of a credit on the judgment in cause No. 273, and in the execution of said judgment, against said sureties on said replevy bond, and taxed the costs against Beasley and Anderson. Beasley and Anderson filed a motion for a new trial.

The clerk certifies the following to be a true and correct transcript of all of the proceedings had in the case, among the proceedings the following, noted by the Clerk as "Docket Entries":

"Date of Orders. 11/1/29., Motion of defendant, Beasley, for continuance overruled. Defendant excepts."

"11-4-29. Plaintiffs' motion for judgment granted and judgment entered giving valuation of bond at $2550.00 as a credit on Judgment in Cause No. 273, District Court."

"11-9-29. Defendants motion for new trial overruled. Defendants Beasley and Anderson except and give notice of appeal to the Court of Civil Appeals for Eighth Supreme Judicial District at El Paso, Texas, J. A. Drane, Judge."

### Opinion.

Appellee filed in this court a motion to dismiss this appeal for want of jurisdiction. The suggestion in the motion is that the record fails to show the giving of notice of appeal in open court; no order overruling the motion for new trial appears in the record, and appellee cannot know except from the above docket entry that the motion for a new trial was ever considered by the court.

The record shows that the judgment was entered on November 4, 1929; that appellants' motion for a new trial was filed on November 7, 1929. The court's trial docket entry, as above, shows that the motion for new trial was overruled November 9, 1929.

Article 2253, as amended by chapter 15, § 1, General Laws 40th Legislature (Vernon's Ann. Civ. St. art. 2253), provides that an appeal may be taken during the term of the court at which the final judgment in the cause is rendered by the appellant "giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record," and by filing the appeal bond.

The judge's notes on the court's trial docket are for his own convenience and that of the clerk making the entries, and form no part of the record. Stark v. Miller, 63 Tex. 164. Such docket notations to the effect that a motion is overruled, or that a party excepted to some action or order of the court, are not properly included in a transcript where not entered on the minutes, and will not be taken or considered as an order or judgment of the court. Hudgins v. T. B. Meeks Co., Inc. (Tex. Civ. App.) 1 S.W.(2d) 681; Luginbyhl v. Thompson (Tex. Civ. App.) 11 S.W.(2d) 380; Texas Jurisprudence, vol. 3, par. 51, pp. 103 and 104, and notes.

The provision of the statute that to perfect an appeal appellant must give notice of appeal in open court, which notice shall be noted on the docket and entered of record, is jurisdictional. Such giving of notice in open court and entry of record take the place of citation or other method of giving notice where notice is required. Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945, and many references to that case found in Shepard's S. W. Citations of February, 1930, to which we refer without reciting them here.

For the reason that the record does not show that notice of appeal was given in open court and entered of record, this court is without jurisdiction to consider the case on its merits.

The appeal is dismissed.

HIGGINS, J., did not sit in this case.