FITZGERALD et al. v. LANE et al.

No. 1875.

Court of Civil Appeals of Texas. Eastland.
Jan. 20, 1939.

Rehearing Denied March 17, 1939.

Shelburne H. Glover, of Jefferson, for appellants.

W. B. Chauncey, of Wichita Falls, for appellees.

## FUNDERBURK, Justice.

The mother of Haskell and Perry Fitzgerald, as their guardian, undertook to sell their interest in a certain 43-acre (more or less) tract of land. Within less than two years after Perry Fitzgerald, the younger of said wards, became 21 years of age, an action in the nature of a bill of review was by them filed in the County Court where the guardianship was pending. The purpose of such action was to set aside the judgment of the court and all of the orders entered in the guardianship proceeding as void and ineffectual to pass any title out of said wards to their one half undivided interest in said land. The guardian and purchasers of the property were made defendants in said action, and upon the trial thereof, on September 11, 1937, judgment was rendered for said Haskell and Perry Fitzgerald canceling and setting aside all the orders, judgments and decrees in said guardianship proceeding. The defendants appealed to the District Court, superseding the judgment by a supersedeas bond. Haskell and Perry Fitzgerald, in addition to said action in the county court, filed an original suit in the district court, being an action in trespass to try title to said land against the same defendants. In District Court these two actions were consolidated. Upon the trial the issues were submitted to a jury and found in favor of the defendants. Upon such verdict judgment was rendered accordingly, from which this appeal is prosecuted by plaintiffs.

Haskell and Perry Fitzgerald, subsequently to becoming of age, executed a ratification of an oil and gas lease covering the land in question to Phillips Petroleum Company and Ed S. Holman. Because of this transaction, the last named parties were not made parties to the suit, the subject matter of the suit being the land, subject to the lease and the royalty. The ratification agreement expressly reserved any right or cause of action against any other person, firm or corporation than said lessees. The trial court overruled the motion of plaintiffs for a judgment non obstante veredicto, and sustained a motion of defendants for judgment in their favor.

In reply to appellants' brief, and preliminary to an answer thereto on the merits, appellees make this statement: "We believe that this court is without jurisdiction in this case for the reason that there is no order of the trial court overruling or acting upon appellants' motion for a new trial nor is it shown that appellants gave notice of appeal and under the decisions of the courts of this state it is necessary to show this in order to give the appellate court jurisdiction." Appellees' brief furnishes us no assistance in the determination of the important question so suggested. The only reply of appellants thereto is that they "respectfully submit that there is no merit to the above contentions of appellees. The record discloses that all things necessary to be done were done in order to give this court jurisdiction." The very statement of the question suggests that it is more important than its treatment by counsel would seem to imply.

The law provides as to motions for new trial: "Each such motion shall: * * * 3. Specify each ground on which it is founded, and no ground not specified shall be considered. 4. Be determined at the term of the court at which it is made." R.S. 1925, Art. 2232. Another statutory provision is: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record" etc. R.S.1925, Art. 2253, Vernon's Ann.Civ.St. art. 2253.

■ It is a proposition so elementary as to require no citation of authority that the giving of the required notice of appeal is essential to the exercise of jurisdiction by the appellate court.

The record of the judgment shows that notice of appeal was given. It is shown by the transcript that a motion for new trial was timely filed, but there is no showing of any action of the court upon such motion. There is, therefore, necessarily absent any notice of appeal, other than that just mentioned, given during the same term of court as that in which the judgment was rendered and in which the motion for new trial was filed.

■ The jurisdictional question suggested poses this further question: Under said Art. 2253, above quoted, if a party gives notice of appeal "within two days after final judgment" and thereafter, dur-

ing the same term, files a motion for new trial which is overruled, is it necessary to give any further notice of appeal? Although there may be some dicta to the contrary, it is our considered opinion that no additional notice of appeal under such circumstances is required. It would seem to be a fair interpretation of the statute that it means literally what it says, namely: That notice of appeal is to be given "within two days after final judgment *or* [not and] two days after judgment overruling a motion for a new trial." (Italics ours.) By analogy, it may be pointed out that conclusions of fact and law, in order to be reviewable upon appeal, must be excepted to. But it is held that an exception to the judgment meets that requirement. The judgment, of course, is presumptively rendered and entered before conclusions of fact and law are filed. When judgment in a case is rendered that is the judgment from which the appeal, if any, must be prosecuted. An appeal is not prosecuted from an order overruling a motion for a new trial. "An order granting or refusing a new trial is interlocutory in nature and not appealable." 31 Tex.Jur. 189 sec. 177. The filing of a motion for a new trial, unless and until granted, does not affect the finality (in the sense of appealability) of the judgment. Golden Rod Oil Co. v. Golden West Oil Co., Tex.Com.App., 293 S.W. 167; City of Abilene v. American Surety Co., Tex.Civ.App., 73 S.W.2d 616.

■ But even if we should be wrong in the above conclusion broadly stated as applicable to a case where a new trial is actually heard and overruled during the term, which there is opportunity to give notice of appeal, it would not necessarily follow that we are without jurisdiction in the instant case, there having been no order overruling the motion for new trial, and therefore, necessarily, of course, no opportunity to give notice of appeal during the same term of court within two days after such action. The above mentioned statute by its very terms could not apply to such a state of facts. For a somewhat similar situation arising under other particular statutory provisions in which it was held that no notice of appeal was required after a motion for new trial was overruled (by operation of law), see Houston Life Ins. Co. v. Dabbs, 125 Tex. 100, 81 S.W.2d 42.

Our investigation of the question just discussed suggests a more difficult question involving a limitation upon our jurisdiction which, being of a fundamental nature, also requires consideration and determination. That question is: Should the motion for new trial be regarded as having been overruled by operation of law, thereby preserving appellants' right to a review on appeal of all the grounds of error set forth in the motion for new trial and, under amended rule 71a (126 Tex. vii, 99 S.W.2d xxx) required as a prerequisite to our authority to review same; or should the motion for new trial be considered as presumably abandoned, with the effect of limiting our authority to pass upon only fundamental errors? No clear answer to this question is to be found in statutes, or decisions of our courts. There is considerable dicta both ways, but so far as we have found our precise question here as applicable to a similar state of facts has never been decided.

In Mason v. Russel's Heirs, 1 Tex. 721, it was said: "The motion [for new trial] does not appear to have been acted on by the court below. The appellant contends, *and we think justly,* that as the motion was not granted, it was overruled by the operation of law. It is not, however, important, to the interest of the parties, as the most material points will arise on the face of the record. *We shall consider, however, the motion for a new trial as overruled;* and, if it was a case that required it, *would reverse the judgment, if, in our opinion, the court below erred in doing so."* (Italics ours.)

But in Sears v. Green, 1 Posey, Unrep. Cas. 727, by the old Commission of Appeals, the above decision was referred to and expressly disapproved, it being there held, as follows: "The motion for a new trial made in this case was not filed until June 6, 1874, *and it does not appear to have been called to the attention of the court, and was never acted upon.* We must therefore consider it as waived. It is as if it had never been made." (Italics ours.) A case many times cited is McKean v. Ziller, 9 Tex. 58. It is the leading case on the proposition that a motion for new trial (no statute providing otherwise) must be determined during the same term of court at which it is made. The decision is equally consistent with the two views (1) that the motion was overruled by operation of law, or (2) that the motion was abandoned or waived. The conclusion of the court was: "We think * * that, at the end of the Term, the motion, not having been acted on, was *discharged*

by operation of law." (Italics ours.) In Laird v. State, 15 Tex. 317, the court, after observing that "In McKean v. Ziller (9 Tex. 58), it was held, that the motion for a new trial, not having been acted on, was discharged at the end of the Term by operation of law", further declared its conclusion to be: "The defendant should have asked the action of the Court upon his motion for a new trial. Not appearing to have done so, the inference must be, that, after having filed his motion, he declined and abandoned it; and not having been acted on, it was discharged by operation of law at the end of the Term." Here is an interpretation by the Supreme Court of the words "discharged by operation of law" as used in McKean v. Ziller, supra, as meaning abandoned, or waived. Applying that interpretation to the circumstances stated it was held that the Supreme Court had no authority to consider an assignment of error the ground of which is the action of the court in overruling a motion for new trial. A number of decisions merely reiterate the holding in McKean v. Ziller, supra, to the effect that the motion for new trial under the circumstances stated, is "discharged by operation of law." Bullock v. Ballew, 9 Tex. 498; Bass v. Hays, 38 Tex. 128, 129; Wetz v. Wetz, 27 Tex.Civ.App. 597, 66 S.W. 869; Lightfoot v. Wilson, 11 Tex.Civ.App. 151, 32 S.W. 331; Luther v. Western Union Telegraph Co., 25 Tex.Civ. App. 31, 60 S.W. 1026; Clements v. Buckner, 35 Tex.Civ.App 497, 80 S.W. 235; White v. Day, Tex.Civ.App., 230 S.W. 843; Motor Inv. Co. v. Killman, Tex.Civ.App., 43 S.W.2d 633. In Laclede Nat. Bank v. Betterton, 5 Tex.Civ.App. 355, 24 S.W. 326, it is said the motion for new trial "elapsed" at the close of the term.

The cases of Roan v. State, Tex.Cr.R., 65 S.W. 1068; Gonzales v. State, 38 Tex.Cr. 62, 41 S.W. 605; Thomas v. Neel, Tex.App., 18 S.W. 138, and Grubbs v. Marple, Tex. Civ.App., 185 S.W. 597, all followed the interpretation of McKean v. Ziller, supra, as declared in Laird v. State, supra, to the effect that the failure of the movant for a new trial to call the motion to the attention of the court and procure a ruling thereon during the term constituted an *abandonment* of the motion. In Cooney v. Isaacks, Tex.Civ.App., 173 S.W. 901, 904, the court said: "The failure or refusal of the court to act upon the motion at the term at which it is made is in effect *an overruling of the motion.*" (Italics ours.) However, it was immaterial in that case whether there was an overruling or an abandonment of the motion, and none of the authorities cited (McKean v. Ziller, supra; Lightfoot v. Wilson, supra; Luther v. Tel. Co., supra; Clements v. Buckner, supra; Laclede Nat. Bank v. Betterton, supra) supported the view that the motion should be regarded as overruled rather than abandoned. In Rogers v. Dickson, Tex.Civ.App., 176 S.W. 865, 867, it was said: "Even if the trial court had not acted upon the motion for new trial during the term in which the judgment was rendered, it was *by operation of law overruled by the expiration of said term.*" (Italics ours.) But here likewise it was immaterial to any question presented for decision whether it was overruled or abandoned, and the citation of McKean v. Ziller, supra, and Clements v. Buckner, supra, certainly indicates that the court was not recognizing any distinction between the overruling of the motion and the abandonment of it.

In Van Slyck v. Lawyers' Co-op. Pub. Co., 10 S.W.2d 1016, 1017, Chief Justice Jones, for the Dallas Court of Civil Appeals, declared, what appears to us to be the reasonable conclusion from all the decisions, in saying that the motion for new trial attempted to be carried over to a succeeding term "must be considered, either as overruled by operation of law or as abandoned by the defendant." As between said alternatives, it was decided in that case that the motion was overruled by operation of law, rather than abandoned, because of the inference from the record that the movant was present in court on the last day of the term insisting upon action upon his motion and objecting to the attempted continuance thereof to the next term. As authority upon the question of which of said alternatives is applicable to the instant case, the decision has no weight whatever, except, perhaps, as implying that in this case the presumption of abandonment would obtain. However, if it be determined that the motion for new trial was overruled by operation of law, said decision supports the proposition that the grounds of error in the motion for new trial may be reviewed by us, which is to say, that our authority to do so is in no way denied by the operation of said new rule 71a. As case law authority, only the following other decisions require consideration: They are Houston Life Ins. Co. v. Dabbs, supra; Independent Life Ins. Co. v. Work, 124 Tex. 281, 77 S.W.2d 1036; Dallas Storage & Warehouse Co. v. Taylor, 124

Tex. 315, 77 S.W.2d 1031; Millers Mut. Fire Ins. Co. v. Wilkirson, 124 Tex. 312, 77 S.W. 2d 1035; Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624; Highland Farms Corp. v. Fidelity Trust Co., 125 Tex. 474, 82 S.W. 2d 627; Pierce v. Loyd, Tex.Com.App., 114 S.W.2d 867. In each and all of these cases dealing as they do with Vernon's Ann.Civ. St. Art. 2092, paragraphs Nos. 28 and 29 (providing special procedure in district courts in certain cities), it was stated, in effect, that a motion for new trial not acted upon before the expiration of the time specified in the statute, was "overruled by operation of law." In each case, except the first, it is believed the facts will show that it was immaterial whether the motion for new trial was *overruled* by operation of law or was abandoned. In Houston Life Ins. Co. v. Dabbs, supra, however, the jurisdiction of the court of civil appeals was sustained on the ground that the appeal bond was filed within thirty days from the time the motion for new trial was "overruled by operation of law." The authorities cited in support of that statement were the three cases cited following the first above listed, in each of which it is believed the facts and questions decided show that it was immaterial whether the motion for new trial was overruled or abandoned, or, as held in Laclede Nat. Bank v. Betterton, supra, "elapsed." There is nothing in the opinion indicating that any independent consideration was given to the question of whether the motion for new trial was "overruled by operation of law" rather than abandoned, or otherwise discharged.

Under these circumstances it appears to us that inquiry should be made for some more substantial basis upon which to rest the decision of the question at issue.

Let us now, in the light of all the decisions discussed above, restate concretely as possible the precise question presented for our determination. It is this: Under amended rule 71a (126 Tex. vii, 99 S.W.2d xxx), where a party to a suit after judgment to which exception is made and notice of appeal given, files a motion for new trial, setting forth grounds of error which, to be reviewable upon appeal, must be embraced in a motion for new trial, but no order is ever made either sustaining or overruling the motion, and it is not shown that the motion was ever called to the attention of the court, or request made that it be acted upon before the expiration of the current term, should the motion for new trial be held to have been overruled by operation of law, thereby preserving the right of review on appeal of the grounds of error set forth in the motion. Or, should it be held that the motion for new trial was abandoned, thereby limiting the jurisdiction of the appellate court under said rule 71a to a consideration of fundamental errors only?

■■ On the subject of abandonment of motions, Texas Jurisprudence says: "It is incumbent on a movant to use due diligence in bringing his motion on for hearing; and ordinarily a motion in a pending suit, not determined before commencement of the trial, will be deemed to have been waived. The presumption of waiver may be indulged also when it appears that a statute or a rule of court, requiring the presentation of a particular motion within a designated period, has been ignored. Thus a motion to dismiss a writ of certiorari, not presented at the first term to which the writ was returnable, as required by statute, is properly denied, unless the movant can clearly show that he urged the motion at the first available opportunity. So when it appears that there has been a failure to comply with the statutory requirement that a motion for a new trial shall 'be determined at the term of the court at which it is made,' it may be assumed that the motion was abandoned." 29 Tex.Jur. p. 1047, sec. 23. In a number of cases it has been held that where a motion for new trial is accompanied by affidavits, unless the affidavits are called to the attention of the court, a fact to be shown by proper bills of exception, the action of the court cannot be reviewed. Frizzell v. Johnson, 30 Tex. 31, 32; Ayers v. Missouri, K. & T. R. Co., Tex.Civ.App., 116 S.W. 612; Colville v. Colville, Tex. Civ.App., 118 S.W. 870; St. Louis, S. W. R. Co. v. Alexander, Tex.Civ.App., 141 S. W. 135. Upon request it is the duty of the trial judge in a non jury case to file conclusions of fact and law, but in order to have a failure or refusal to do so reviewed upon appeal, it must be shown that the request was brought to his attention or else it will be presumed that it was abandoned or waived. Cotulla v. Goggan, 77 Tex. 32, 13 S.W. 742; Hess v. Dean, 66 Tex. 663, 668, 2 S.W. 727; Sloan v. Thompson, 4 Tex.Civ.App. 419, 23 S.W. 613. The reason, as stated by Judge Gaines in the first cited case, is: "It may frequently occur that a party who has filed his application for findings of law and fact may waive or withdraw it. Without a bill of exceptions, when the findings do not appear, we

cannot know that this has not been done." [77 Tex. 32, 13 S.W. 743.] Further the Supreme Court has held that "it will not presume that a demurrer was acted upon by·the court when the record does not show that fact, but, on the contrary, the presumption would be that it was waived." Supreme Commandery Knights of Golden Rule v. Rose, 62 Tex. 321, and authorities cited. This, of course, is a well established legal proposition.

■ If affidavits attached to a motion for new trial must be called to the attention of the court, the only reason for that requirement would be because the filing of the motion did not have that effect. If the court must take notice of the filing of a motion for new trial, it seems to us that would necessarily include notice of affidavits attached to the motion as a part of same. If a motion for new trial need not be called to the attention of the court, with the result that, after the term of court has closed, the law will declare that the court overruled the motion, then in a case of a motion plainly manifesting error the real error would be the failure of the judge to ascertain that such a motion had been filed. The purpose of the law undoubtedly is that the court be given a real opportunity to review all asserted grounds of error, and, if meritorious, to correct the same by granting the motion for new trial. But unless, under the circumstances here considered, the motion be presumed to have been abandoned, motions for new trial may be filed near the close of terms of court with the judge many miles away, perhaps in another county, thus effectively defeating the purposes of the law in a great many cases.

■ It is a well recognized rule that with jurisdiction of persons and subject matter shown, the presumption upon appeal obtains that the judgment is correct, which means, of course, that the appealing party has the burden of showing by the record the commission of error by the court below. When it is as reasonably inferable from the record that a motion for new trial was abandoned as that it was overruled, it seems to us that such burden cannot be said to have been met. Hence, it is our conclusion that as shown by this record our jurisdiction is limited to the consideration of fundamental error only, if any.

Our attention has been directed to no ruling or action of the court which we think can be said to be fundamental error and we have discovered no such error in the

record. It is therefore our conclusion that the judgment of the trial court should be affirmed and it is accordingly so ordered.

## On Motion for Rehearing.

■ With the filing by appellants of their motion for rehearing they also filed a motion for certiorari to ·perfect the record so as to show that the trial court in fact heard and overruled their motion for new trial. Under rules 1 and 22 governing Courts of Civil Appeals (142 S.W. x and xii), we were somewhat in doubt of our authority to permit an amendment of the record after submission and after the decision of the case, based upon the assumption that the motion for new trial was not acted upon by the trial court. Upon a consideration of the opinions in Patrick v. Pierce, 107 Tex. 620, 183 S.W. 441; Blalock v. Slocomb, Tex.Com.App., 245 S.W. 648, and Houston & T. C. R. Co. v. Parker, 104 Tex. 162, 135 S.W. 369, we granted the motion for certiorari, upon the theory of the existence of a reasonable doubt of appellants' right to have the record amended and the policy of the law to resolve such doubt in favor of the right of appeal. In response to that action, appellants submit for filing a supplemental transcript showing only a certified copy of a part of the judge's trial docket, consisting of certain notations upon said docket. Such notations constitute no part of the record in the case. They were properly omitted from the transcript and are ineffective to show that the trial court heard and overruled appellants' motion for new trial.

That notations on the judge's docket do not constitute a part of. the record on appeal seems to be well settled: Burleson v. Moffett, Tex.Civ.App., 3 S.W.2d 544, and cases cited; Erwin v. Griffin, Tex.Civ.App., 24 S.W.2d 78, and cases cited; Johnson v. Williams, Tex.Civ.App., 24 S.W.2d 79; Beasley v. Duplex Truck Co., Tex.Civ.App., 30 S.W.2d 404; Ezell v. Knapp & Elliott, Tex.Civ.App., 40 S.W.2d 1110; McElwrath v. Dixon, Tex.Civ.App., 49 S.W.2d 995.

■ We do not wish to be understood as affirming the proposition that appellant was entitled to correct the record, even if the supplemental transcript had contained a properly authenticated order overruling the motion for new trial. The absence of such an order from a transcript does not show a want of jurisdiction of the court of civil appeals, as our opinion shows. Its absence from the transcript

was no notice to the clerk of this court that the case had not been properly prepared for submission. Before submission appellants were apprised of the fact that the transcript contained no order overruling the motion for new trial since that was pointed out in appellees' brief. The policy expressed by the above mentioned Rules is, as declared in the decisions cited, that both parties are charged with the responsibility of seeing that a case is properly prepared for submission, subject to the power of the court to ascertain matters of its own jurisdiction.

Appellants' motion for rehearing presents no question for review not dependent upon the correction of the record, if incorrect, so as to show that the trial court acted upon and overruled the motion for rehearing. The record not disclosing that fact, it is our conclusion that the motion for rehearing should be overruled and it is accordingly so ordered.