### J. R. SLOAN ET AL. v. M. A. THOMPSON ET AL.

#### No. 287.

**1. Rules for Briefing, on Appeal.** — Attention is called to rules 24, 25, and 31 for Supreme Court and Courts of Civil Appeals. These rules should be enforced. It will be presumed that counsel intend to waive a point briefed in disregard of these rules.

**2. Mistake in Date of Judgment.** — A judgment rendered recited its date *June 14, 1874.* The suit was instituted March 29, 1875. The judgment also recited that due service of citation was had upon unknown heirs of David Sloan. The judgment appeared in the proceedings of the court for June 14, 1876. *Held,* that it was manifestly in error that the date *1874* appeared in the judgment. It was competent to read the entry preceding the judgment to show the clerical mistake in it.

**3. Removing Cloud from Title — Legal and Equitable Title.**—In this State, under our blended system of law and equity, one holding an equitable title to land may maintain an action of trespass to try title, or to remove clouds from his title.

**4. Same.**—An action to remove clouds and to quiet title is not an action in personam, but an action for land, and the judgment affects the title to the land, the subject of the litigation.

**5. Same—Nonresident Claimants.**—A State is allowed to settle titles to lands lying within its territory, even against nonresident defendants or unknown heirs; and the State has the right to prescribe the procedure and methods by which such results are accomplished.

**6. Affidavit for Service upon Unknown Heirs.**—An affidavit by an agent in the form of the statute, that "the names and residences of the heirs," etc., are unknown, is sufficient as basis for citation by publication. It is not necessary for affiant to state what means or efforts he had taken to ascertain the names, etc.

**7. Collateral Attack upon Judgment.**—If the affidavit for the publication should be held insufficient, the judgment could not be attacked collaterally for that reason. The recital, that "proper service had been made by publication on the defendants," is conlcusive of all questions as to service, as to publication of citation for the proper length of time, return, and every other essential to make and complete service by publication. Nor can a judgment be so attacked because rendered upon insufficient testimony.

**8. Proof of Execution of Deed at Common Law.**—See facts explaining absence of subscribing witnesses, and sufficient testimony from other sources to show the execution of a deed.

9. **Proof of Deed for Record.**—Prior to the Revised Statutes the certificate to the proof of a deed for registration was not required to show that the grantor acknowledging the deed was known to the officer.

10. **Description.**—In a chain of title was a call, "|188 varas south 30 degrees east from the northeast corner of a 320 acres survey in name of —— *Meader*." In some of the deeds the name was spelled *Meadows*. This diversity in spelling could not render the call uncertain.

11. **Unknown Heirs—Judgment.**—In our opinion, all persons claiming by inheritance under the named ancestor are concluded by a judgment against his unknown heirs, whether claiming indirectly from him, or as successors of those so inheriting. The statute authorized the action against the heirs of the deceased person, their heirs or legal representatives, as the heirs of their ancestor, describing them by his name. 2 Pasch. Dig., art. 5460.

12. **Failure by Court to File Conclusions.**—It not being shown by the record, nor by bill of exceptions, that a motion filed requesting the court to file conclusions of fact and of law, was insisted on, or was brought to the attention of the trial court, the matter can not be considered on appeal.

Appeal from McLennan. Tried below before Hon. A. C. Prendergast, Special District Judge.

*B. I. Owen*, for appellants.—1. To enable a party to maintain a bill to remove cloud upon title, he must have the legal title to the land and be in actual possession of the land. Herrington v. Williams, 31 Texas, 448; Orton v. Smith, 59 U. S., 393; United States v. Wilson, 118 U. S., 86; Fussell v. Gregg, 113 U. S., 550.

2. When the record shows that plaintiff knew the defendant or his heirs, or could have easily ascertained their names and places of residence, so as to have had them personally served with citation, the court has no jurisdiction over such defendants until they are personally served with process. Rev. Stats., art. 1245; Steagall v. Huff, 54 Texas, 193; Byrnes v. Sampson, 74 Texas, 79.

3. The affidavit made to obtain service by publication in cause of Andrew Prather v. Heirs of David Sloan was not in compliance with the statute, in that it failed to negative the fact that Andrew Prather knew the heirs of David Sloan and could have obtained personal service on them. McDonald v. Cooper, 32 Fed. Rep., 745; Alderson v. Marshall, 16 Pac. Rep., 576; Brown v. Railway, 38 N. W. Rep., 688; Beach v. Beach, 43 N. W. Rep., 701; Colton v. Rupert, 27 N. W. Rep., 520.

4. The court below erred in rendering judgment against plaintiffs for the interest in said 320 acres of land that they inherited from their deceased brothers and sisters, who died between the date of the death of David Sloan and the institution of the suit against them by the said Andrew Prather.

*M. Surratt*, for appellees, cited: Rev. Stats., art. 1236; 2 Pasch. Dig., art. 5460; Act Feb. 8, 1875, 2nd sess. 14th Leg.; Treadway v. Eastburn,

57 Texas, 209; Russell v. Farquhar, 55 Texas, 355; Hess v. Dean, 66 Texas, 663; Cotulla v. Goggin, 77 Texas, 32.

COLLARD, ASSOCIATE JUSTICE.—The appellants, the heirs of David Sloan, brought this suit, on the 16th day of January, 1890, in the form of trespass to try title, against M. A. Thompson and Jacob Miller, the appellees, to recover 320 acres of land in McLennan County, patented to David Sloan on June 21, 1871.

The defendants filed pleas of not guilty, three, five, and ten years limitation, and claim for valuable improvements.

Plaintiffs Phebe E. Swaim, M. M. Smith, M. E. Wilson, and N. J. Rabon replied to the pleas of limitation, setting up their coverture.

Judgment was rendered for the defendants, from which the plaintiffs have appealed. The trial commenced on May 17, 1890, and the cause was taken under advisement until June 17, when the judgment was rendered.

*Opinion.*—Appellants' first assignment of error is, " The court erred in overruling plaintiffs' amended or second application for a continuance."

The brief of appellants cites page 5 of the transcript as containing the application, but no part of it, or the grounds upon which it is asked, are stated, nor are we advised by the brief that any exception was taken to the action of the court. On page 5 of the transcript we find a general application to continue—the only one in the record—which does not appear to be a second or amended application.

The assignment of error can not be applied to this application. The grounds of the application not being set out, we can not see that any specific error is pointed out in the assignment.

Rule 24 for the Supreme Court and Courts of Civil Appeals requires, that the assignment specify the grounds of error relied upon, and that a ground of error not distinctly specified shall be considered as waived. Rule 25 requires, that to be distinct, the assignment must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it. These rules are not complied with in the assignment. Rule 31 requires, that to each one of the propositions in the brief there shall be subjoined a brief statement in substance of such proceedings, or part thereof contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This rule has not been complied with. The object of this rule is to present to the court a complete statement of the matters and questions involved in the assignment, so that the court will not be compelled to search the record and extract from it such parts as will make the assignment intelligible and applicable. The assignment of error must be considered as waived.

We call attention to these rules, because they should be enforced. The

case before us is not exceptional. It is not uncommon practice in preparing briefs to overlook especially rule 31, above referred to, the neglect of which demands upon the part of the court unnecessary consumption of time in the examination of the record, and collating therefrom the materials for a proper understanding and decision of the questions raised.

It will be presumed that learned counsel intended to waive a point briefed in disregard of a rule so important.

Appellants' next assignment of error is, that "The court erred in striking out plaintiffs' amended original petition and bill of review, after they had taken leave to amend, and had filed same under leave of the court, and stated that the proper affidavits thereto would be and were supplied during the trial of the cause."

The judgment of the court does not show any action of the court upon the bill of review, nor is there any order to that effect in the record, or order showing leave to plaintiffs to amend their petition. We are not cited to any part of the proceedings which shows that the court's attention was called to the bill of review. In so far as we are informed by appellants' brief, there is no merit in the assignment of error; besides, the assignment points out no specific error.

Appellants assign as error the court's ruling in admitting in evidence, over their objections, "the judgment in the cause of Andrew Prather v. Heirs of David Sloan, in the District Court of McLennan County, because said judgment is null and void; for it affirmatively appears on its face to have been rendered on June 14, 1874, and the plaintiff's original petition in said cause was not filed till March 29, 1875, as shown by the petition and file mark on same."

Plaintiffs proved themselves to be the heirs of David Sloan, deceased, to whom patent issued for the land in suit on June 21, 1871. Defendants claimed under the judgment mentioned in the assignment of error, by conveyances from Prather and his assignees to themselves.

The minutes of the court showing the judgment, number and style the cause number 2721, Andrew Prather v. Heirs of David Sloan; date of judgment June 14, 1874, and proceeds: "This cause coming on to be heard, when came the party plaintiff by his attorney, and representing to the court that proper service had been made by publication on the defendants, and the papers and record also showing said facts to the court, and the plaintiff demanding trial, and it appearing that the defendants by allegation were alleged to be unknown, and no counsel appearing for them, it is ordered by the court, that Felix H. Robertson, Esq., an attorney at law of this bar, be and is hereby appointed as counsel to represent the interest of said unknown heirs of David Sloan, deceased, in this litigation. And the counsel having here announced as ready for trial, submit the pleadings and the evidence offered by the plaintiff to the court,

a statement of said evidence being written out, filed, and made part of the record in this cause; and it appearing to the court, after due consideration, that the demands of the plaintiff were sufficiently established and proven, it is therefore considered, adjudged, and decreed by the court," etc., the judgment proceeding to quiet the title of Andrew Prather to the 320 acres of land in controversy as to the heirs of David Sloan, divesting title out of them and vesting the same in plaintiff.

The statement of facts does not show the date of the filing of the petition in the foregoing cause; but a bill of exceptions allowed by the court shows that it was filed on March 29, 1875.

The affidavit for citation by publication was made on March 29, 1875, and sworn to before D. R. Gurley, the clerk of the court. On the back of the affidavit is a file mark, dated December 10, 1876. The substituted copy of citation by publication purports to have been issued on the 27th day of August, 1875, and returned on the 20th day of January, 1876.

Immediately preceding the judgment offered by defendant, in the minutes of the court, is the following entry, read by defendants in connection with the judgment:

"Tuesday morning, June 14, 1876. Court met pursuant to adjournment. Present, the same officers of the court as on the preceding day."

It clearly appears from the foregoing that the judgment was rendered on June 14, 1876, upon the petition, affidavit, and proceedings anterior to the judgment, and that the date 1874, instead of 1876, was a clerical error, fully explained and corrected by the record. The assignment of error is not well taken.

It was not error to admit in evidence the minutes of the court showing the entry above preceding the judgment. The minutes were admissible to show the clerical mistake of date of the judgment.

Appellants say that the court erred in not sustaining their objection to the introduction in evidence of the judgment in cause number 2721, "for the reason that it is null and void, because it affirmatively appears in the pleadings of the plaintiff therein and elsewhere in the records of the cause number 2721, that the legal title to the land in controversy was in the defendants therein, the heirs of David Sloan, for which reason the plaintiff in said cause was not entitled to maintain a bill to remove a cloud upon his title and to have the legal title of the said heirs cancelled."

Plaintiffs offered the original petition of Prather in cause number 2721, "which showed," as stated in statement of facts, "that the legal title to the land was in David Sloan or his heirs when said suit was instituted, the plaintiff therein alleging that the said land was patented to said David Sloan, and asked judgment divesting all title out of said heirs, and vesting the same in himself, the said Andrew Prather, and removing all clouds upon his title to said land."

The amended petition in cause number 2721 alleged that David Sloan

died leaving heirs, successors, and legal representatives, to whom descended whatever estate in the property in controversy he (Sloan) had or acquired in the land by virtue of the patent issued to him.

In this State, under our blended system of law and equity, one holding an equitable title to land may maintain an action of trespass to try title or to remove clouds from title. We are not embarrassed with the rules of courts of equity as to equitable titles, but our courts have jurisdiction to entertain proceedings involving both law and equity, and to grant relief according to the nature of the case. The real title to land, whether it be legal or equitable, can be asserted in our District Courts, and such relief granted as the parties are entitled to. Thomson v. Locke, 66 Texas, 383; Hardy v. Beaty, 84 Texas, 569.

In this connection we may say, in answer to other assignments of error, that the suit of Prather v. Heirs of Sloan was not an action in personam; it was an action for land, involving the title to the land in controversy in this suit. It was an action for the land, and to remove clouds; but had it been only to remove clouds, it would still be an action involving title to land, cognizable by our courts, and a proceeding in rem. Our courts have the power to settle titles to land within our State, and obtain jurisdiction for such purpose by suit for the land, or involving title to the land, obtaining service upon the parties interested by publication, as provided by our statutes. The law was so declared, if it had not been before, by the case of Hardy v. Beaty, supra. A State is allowed to settle titles to lands within its territory, even against nonresident defendants or unknown heirs, and the State has the right to prescribe the procedure and methods by which such results are accomplished.

It is next insisted, that the court below erred in not excluding the judgment in cause number 2721, because it is null and void, "for the reason that the record in the cause shows affirmatively that plaintiff therein knew David Sloan personally prior to his death, and either knew the heirs of David Sloan personally, or could have easily ascertained their names and places of residence by inquiry, so as to have had them personally served with process; and the said Prather having such knowledge, judgment in his favor and against said heirs, based upon service by publication upon them, is null and void."

Andrew Prather testified in cause number 2721: "I knew him (David Sloan) personally in Navarro County, I think." The proceedings in the cause show that Sloan died leaving heirs. If it should be admitted that the judgment could be attacked in a collateral proceeding for the cause alleged, it does not appear that the cause existed. The record in the case of Prather v. Sloan does not show the fact stated.

Appellants insist that the affidavit for service by publication in that cause was not sufficient, and therefore the judgment was a nullity. The affidavit is as follows:

"*Number 2721. Andrew Prather v. Heirs of David Sloan.*—This day personally appeared before me, J. Rice, agent of the plaintiff in the above entitled cause, who, being duly sworn, says, that the names and residences of the heirs, successors, or legal representatives of David Sloan, parties to said suit, are unknown to affiant.

"J. RICE.

"Sworn to and subscribed before me, this the 29th day of March, 1875.

[Seal]                                "D. R. GURLEY,

"Clerk District Court McLennan County."

The affidavit is in terms of the statute. Pasch. Dig., art. 5460. Rev. Stats., art. 1236.

It was not necessary, as appellants suppose, that an affidavit should disclose what, or that any diligence, was used to ascertain the names and residences of the heirs. If it should be held that the affidavit was insufficient, the judgment could not be attacked collaterally for that reason. Hardy v. Beaty, supra; Treadway v. Eastburn, 57 Texas, 209; Russell v. Farquhar, 55 Texas, 361.

The judgment affirmatively finds that "proper service had been made by publication on the defendants." This is conclusive of all questions as to service, as to publication of citation for the proper length of time, return, and every other essential to make and complete service by publication. Assignments of error directed to the return of citation and other matters as to service are therefore not well taken.

Appellants contend, that the judgment should not have been admitted and considered by the court, because it was founded upon insufficient and incompetent testimony—the uncorroborated testimony of Andrew Prather that David Sloan had transferred his certificate for 320 acres of land to James Lockridge, and that Lockridge had transferred the same to him, Prather.

The facts upon which the judgment was rendered are not in the record before us, except as mentioned in a bill of exceptions allowed appellants. Without deciding that the evidence was or was not sufficient to authorize the judgment, it must be held that the judgment can not be questioned for such reason in this proceeding.

Error is assigned to the admission in evidence by the court of a lease and bond for title from Andrew Prather to G. W. Brumfield, upon the ground that "the execution thereof as to the said Prather was not duly proven."

Defendant Jacob Miller deraigned title to 80 acres of the land in dispute from Andrew Prather, one of his conveyances being the bond for title mentioned in the assignment of error. This title bond was not executed by Prather, but by his agent, J. Rice, who, by written power of attorney from Prather, had full power to sell or make bond for title to

the land in controversy. The lease and bond for title were in one instrument, a joint contract, signed by Rice, as agent for Prather, and by Brumfield, and was attested by W. O. Wilson and R. Callaway. Brumfield testified to the execution of the instrument by Rice, that Callaway was dead, and that he had made diligent inquiry for Wilson, and that he could not hear of him after December, 1881; that at that time he, Brumfield, went to Navarro County, where Wilson lived, and got him to prove up the instrument, but the certificate of proof being illegal, he went there again shortly after, and could not hear of his whereabouts, though he made diligent inquiry. It was shown that Rice was dead. John A. Harrison testified, that he was a brother-in-law to Rice; knew his handwriting and signature, and that the contract and the signatures of Rice and of Prather were in Rice's handwriting.

The proof made satisfies the demands of the law and accounts for the absence of the subscribing witnesses; and it was not error to admit the instrument.    1 Greenl. on Ev., 572.

The decision of this question and others in regard to title of defendants is not important, because if we are correct in holding that the judgment in cause number 2721 was conclusive and passed the title to Prather, plaintiffs could not recover in this suit, the title having been divested out of them by that decree.

But we will briefly notice other assignments properly presented.

Appellants contend that the court erred in admitting the deed from M. Surratt to W. B. Thompson, the execution thereof not being proven.

The deed conveyed 80 acres of the land in suit. Rice, as agent of Prather, had conveyed the land to Surratt. Defendant M. A. Thompson, is the surviving wife of W. B. Thompson.

The deed was admitted as a recorded instrument. It was objected to because the certificate of acknowledgment does not show that the grantor was known to the notary taking the acknowledgment.

The deed was executed on August 3, 1876, and filed and recorded April 6, 1877. The time of the acknowledgment does not appear; but it must have been between the date of the deed and its record.

At that time the statute did not require the certificate of the officer taking an acknowledgment to a deed to show that the grantor was known to him.    Watkins v. Hall, 57 Texas, 1.

The next assignment of error is, that " the court erred in admitting in evidence the three deeds, one from Andrew Prather to Rice, dated March 1, 1877, and one from G. W. Brumfield to W. T. Thompson, dated October 27, 1886, and one from W. T. and Kate Thompson to Jacob Miller, dated September 21, 1889."

The assignment is too general, but could not be sustained if more specific.

The statement by appellants upon the point is, that " each of these

·deeds was objected to on account of the uncertainty and insufficiency of the description of the land, it being described as follows: ' Beginning at the original beginning corner of said David Sloan survey, 188 varas south 30 east from the northeast corner of a 320 acres survey in the name of ———— Meader [this name is spelled Meader in first deed mentioned and Meadows in second and third deeds mentioned, a stake], whence two post· oaks bear north 8½ varas; thence,' etc., with proper calls back to the beginning.''

We can not understand how the call for the Meader or the Meadows survey or the bad orthography in the name, with no other facts, could produce uncertainty in the description of the land, the other calls being ·correct and proper.   The beginning corner of the Sloan will fix the beginning corner of the survey conveyed.

The next assignment of error is, that '' the court erred in rendering judgment against plaintiffs for the interest in said 320 acres of land that they inherited from their deceased brothers and sisters, who died between the date of the death of David Sloan and the institution of the suit against them by the said Andrew Prather.''

'' David Sloan died about 1855. Andrew Prather instituted suit against David Sloan's heirs in 1875; between 1855 and 1875 several, to-wit, Alexander, Archey, and John, of the children of David Sloan died, and their brothers and sisters inherited from them their interests in said land.''

We are cited to no authority upon this assignment.   Our opinion is, that all persons claiming by inheritance in the succession of David Sloan were concluded by the judgment, whether inheriting immediately from him or as successors of those so inheriting.   This seems to be the object of the statute.   It authorizes the action against the heirs of the deceased person, their heirs, or legal representatives, as the heirs of their ancestor, describing them by his name.   2 Pasch. Dig., art. 5460.

The next assignment of error is too general.   It merely says, '' the ·court erred in overruling plaintiffs' motion and amended motion for a new trial.''

The last assignment of error is, that '' the court erred in not filing .among the papers his conclusions of law and fact as requested in plaintiffs' motion, and to which motion the attention of the court was called in ·open court.''

We are referred by appellants' brief to page 13 of the transcript for the facts stated in the assignment.   On that page we find only a motion requesting the filing of conclusions of law and fact.   It does not appear that the motion was insisted on, or was called to the attention of the ·court, nor is there any bill of exceptions upon the point in the record. In such case we can not say that there was error.   Without a bill of exceptions we can not consider the assignment.   Hess v. Dean, 66 Texas, 663; Cotulla v. Goggan, 77 Texas, 32.

Plaintiffs' title failed by the recovery in the cause of Prather v. The Heirs of David Sloan; and having no title, there was no error in the judgment of the court below in favor of the defendants, who deraigned title to all the land sued for from Prather.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered October 25, 1893.