### PANHANDLE CONST. CO. v. FLESHER et al.

#### No. 4493.

Court of Civil Appeals of Texas. Amarillo.

Oct. 28, 1935.

Rehearing Denied Nov. 18, 1935.

Robt. A. Sowder, of Lubbock, for appellant.

W. I. Gamewell, of Canyon, for appellees.

MARTIN, Justice.

Appellant brought suit against appellees, C. R. Flesher and wife, Avis M. Flesher, on a paving certificate and to foreclose its statutory (Rev. St. 1925, art. 1090) and a mechanic's lien against

lots Nos. 7 and 8, block No. 63, town of Canyon, Randall county. The legal issues made below and presented here are:

1. That the property in question was the homestead of appellees.

2. That an alleged mechanic's lien against this property was not in fact executed and acknowledged until after the improvements were completed on the street against which said lots abut.

3. That the property was that of the wife, appellee Avis M. Flesher, and no personal judgment could be rendered against the husband, C. R. Flesher.

Trial was to the court, which found in favor of appellees upon all of said issues, and entered judgment establishing the debt as that of the wife, denied any foreclosure upon either lien, canceled same as a cloud on the title, and denied recovery of any personal judgment against the husband.

Appellees acquired the west one-half of lot No. 5 and all of lot No. 6 and built a home upon them about 1917. Subsequently and prior to the date of the certificates in question, lots Nos. 7 and 8 were acquired and deed taken in the name of the wife. These lots lay immediately opposite lots Nos. 5 and 6 and across a twenty-foot open alley traveled by the public. These were purchased as a playground for the children of appellees. Respecting this the trial court found: "I further find that there was not sufficient room on lot 6 and the west one-half of lot 5 for a playground for the children of said defendants Flesher; that before said lots 7 and 8 were conveyed to Avis M. Flesher the said children of defendants Flesher played upon lots 7 and 8, and that they continued to play upon said lots 7 and 8 every day since, when the weather would permit; lots 7 and 8 were conveyed by said deed to Avis M. Flesher; that said lots 7 and 8 were acquired by Avis M. Flesher for the purpose on the part of defendants Flesher that same might be used as a playground for their said children; that said children played thereupon, tennis, basketball, croquet and baseball; that on January 30, 1928, there were two posts for tennis net on said lots 7 and 8, and the ground was trampled showing considerable use; that said lots 7 and 8 have not been fenced nor enclosed since same were conveyed to Avis M. Flesher; that since said date of January 30, 1928 the ground has been in the same trampled condition."

This finding is supported without contradiction by the evidence, but appellant insists that same is insufficient to show an appropriation of lots Nos. 7 and 8 as a homestead, or its use as such. There is no legal yardstick in cases of this character by which we can measure the sufficiency of evidence, and we find no precedent whose facts exactly parallel the present one. The question therefore becomes one of human opinion, guided only by general principles, some of which are:

"The nucleus must be the lot upon which the dwelling is situated. This lot will draw to it such others as may be conveniently near to it, and may be used in connection with it for the comfort and convenience of the family." Achilles et ux. v. Willis et al., 81 Tex. 169, 16 S. W. 746.

"If the home site happens to be situated on a tract segregated from the balance of the land on which the exemption is claimed, that fact does not of itself affect the homestead claim, so long as the two tracts are together used for homestead purposes. * * *

"The claim of homestead is not sustainable unless it appears that the lot or parcel was used in connection with the claimant's residence, and as appurtenant thereto. Within the purview of this requirement, the claim is supported by proof that the land had been used as a site for a garage or similar structure; and the same is true where the lot is shown to have been used as a garden for the growing of fruits and vegetables to be consumed by the claimant's family or as a 'horse lot' or 'pasture.'" 22 Tex. Jur. pp. 252, 253.

The testimony perhaps rather meagerly supports the claim of homestead as to these segregated lots Nos. 7 and 8, but if such claim can be supported by proof of use of same as a stable or lot for a jackass, one based upon use as a playground, where the health and happiness of children are involved, ought to be sustained.

Accordingly, we overrule appellant's assignment questioning the court's conclusion based upon the quoted findings.

Appellants pleaded and proved a mechanic's lien executed by appellees against lots Nos. 7 and 8 apparently regular in

every way. It was dated March 19, 1928. The certificate of acknowledgment was in statutory form and was likewise dated March 19, 1928. All the paving abutting this property was admittedly done and completed in August, 1928. The court found in part: "* * * that said instrument purports to have been acknowledged by said defendants Flesher before O. W. Gano, a notary public in and for Randall county, Tex., on the 19th day of March, 1928, but I find that said instrument was actually acknowledged by defendants Flesher before said notary public some time during the latter part of October or the first of November, 1928; I find that the word 'November' was written in the acknowledgment with a typewriter, then erased and the word 'March' written with pen and ink over the word 'November'; and I find defendants, Flesher, were not connected with, and did not have anything to do with the alteration of the month in the certificate of acknowledgment."

The evidence supports this finding. Appellant contends that appellees cannot attack the truth of the matters· set out in a notary's certificate, statutory on its face, without proof of fraud with which appellant was shown to be connected. This is the general rule, but does it apply to these facts? Here an instrument, creating on its face a lien on a homestead for improvements (assuming it to be such homestead), was not acknowledged until about two months after such improvements were made. The appellant had no contract of any kind, signed ·by appellees, when it made the improvements. This instrument was not delivered until November, following the completion of the improvements in August.

■ The acknowledgment, not the signature, is what passes the title in a married woman's conveyance of her homestead or separate property. Waltee v. Weaver, 57 Tex. 569, 571.

We believe that the controlling reason why a certificate of a notary imports absolute verity is because his acts with respect to the performance of certain duties required ·of him by statute are quasi judicial in character. Johnson v. Taylor, 60 Tex. 360, 364. These duties in so far as they affect the present question are set out in articles 6603 and 6605, R. S. 1925. The latter article deals only with the acknowledgment of a married woman. Its essence is the privy examination, and the acknowledgment and declaration therein required. To these he must certify. There is nothing in the article which expressly or by necessary implication requires any official or quasi judicial act with reference to the date of her acknowledgment by the officer taking same. An acknowledgment under said article 6603 without a date is good. Webb v. Huff, 61 Tex. 677. See also, Sloan v. Thompson, 4 Tex. Civ. App. 419, 23 S. W. 613, 1· C. J. p. 828. Likewise a deed is good without a date or with a false date, provided the real date when the deed was given or delivered can be proven. 18 C. J. p. 187.

■ Nor can the rule contended for by appellant be invoked by one who has paid no consideration, or who has notice of fraud or invalidity affecting the acknowledgment before he pays the consideration. Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311, 317; Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677; 1 Tex. Jur. 593.

A married woman may show that she did not in fact appear before an officer, though his certificate shows otherwise. This because the jurisdiction of such officer was never invoked and his "utterance is a nullity." Robertson v. Vernon (Tex. Com. App.) 12 S.W.(2d) · 991; 1 Tex. Jur. 587.

■ We therefore hold that where, as here, the wife never in fact appeared before the notary to acknowledge the mechanic's lien on her homestead until after the improvements thereon had been completed, and the grantee never altered his position to his injury, or paid any consideration on the faith of such acknowledgment, she may attack as false the certificate of such notary, which certifies that same was taken on a date prior to the making of such improvements. The making of the certificate was a mere formal act. The performance of the duties prescribed by article 6605 are the quasi judicial acts. These do not include the question of a date.

■ The statute gives the right to a personal judgment against the owner of the lot abutting the street paved as in this case, even if a homestead. Judgment against C. R. Flesher, the husband, was denied. This because his wife was shown to be the owner of lots Nos. 7 and 8. The evidence circumstantially is that the deed

was made to the wife alone with the husband's knowledge and consent. It recited: " * * * for and in consideration of the sum of One Hundred and seventy five—No/100 Dollars to us in hand paid by Avis M. Flesher as her separate funds as follows: $175.00 cash in hand paid the receipt of which is hereby acknowledged, and the further consideration that the said Avis M. Flesher assume one note for the sum of $375.00 dated December 30th, 1926, and due on or before one year from date."

We quote:

"Whether the property be conveyed to the wife or to the husband, or to them jointly, the status may be controlled by the intention of the parties at the time of the taking of the title, and this intention may be ascertained by parol evidence of surrounding circumstances, contemporaneous declarations of the parties, and other admissible evidence that would tend to show what the intention of the parties was at such time. Presidio Mining Co. v. Bullis, 68 Tex. 581, 4 S. W. [860] 862; Higgins v. Johnson's Heirs, 20 Tex. [389] 394, 70 Am. Dec. 394; Dunham v. Chatham, 21 Tex. [231] 245–247, 73 Am. Dec. 228; Smith v. Strahan, 16 Tex. [314] 324, 325, 67 Am. Dec. 622; Baker v. Baker, 55 Tex. 577; Peters v. Clements, 46 Tex. [114] 124; Baldridge v. Scott, 48 Tex. [178] 189; Wren v. Howland, 33 Tex. Civ. App. 87, 75 S. W. [894] 899; Speer on Married Women, par. 378; R. C. L. Vol. 5, p. 848. * * *

"It has been held that where the husband purchases property with his separate funds, and has the conveyance made to his wife, this fact alone is sufficient to show an intention to make the property her separate property. Dunham v. Chatham, 21 Tex. [231], 245, 73 Am. Dec. 228; Smith v. Strahan, 16 Tex. 314, 67 Am. Dec. 622. And it is said that in every case the fact that the conveyance is made to the wife has a tendency to show an intention that the property is for her separate use and benefit. Emery v. Barfield [Tex. Civ. App.] 156 S. W. [311] 313, par. 5." Cummins v. Cummins (Tex. Civ. App.) 224 S. W. 903, page 905.

There were no prior creditors. The facts sufficiently show, in our opinion, that Mrs. Flesher was intended to be the owner of this property when the deed to her was executed and delivered. In our opinion the court's judgment denying recovery against C. R. Flesher was sufficiently supported by the facts.

Judgment affirmed.