## CLARK v. VITZ.

### No. 13644.

Court of Civil Appeals of Texas. Dallas.

Oct. 12, 1945.

Rehearing Denied Nov. 16, 1945.

J. Lee Zumwalt, of Dallas, for appellant.

Earl A. Forsythe, of Dallas, for appellee.

LOONEY, Justice.

On December 27, 1944, the appellant, C. W. Clark, caused the Sheriff of Dallas County to levy an execution upon, and advertise for sale, January 15, 1945, a certain

house-trailer belonging to Hugo J. P. Vitz, appellee herein, who brought this suit against Clark and the Sheriff seeking a permanent injunction preventing sale of the property levied upon; also future levies thereon. The case was tried without a jury and resulted in judgment in favor of appellee granting the injunctive relief sought, from which Clark alone appealed.

The case is before us without a statement of the facts; however, on request therefor by appellant, the court filed rather elaborate findings, in substance as follows: That appellee was a married man, head of a family consisting of himself, wife and daughter, and was such during the entire period involved herein; that the house-trailer levied upon was built by appellee in 1940, size 16′ x 8′, of the reasonable value of $600; was equipped with two wheels and could be attached to the rear of an automobile or truck and moved from place to place over streets and highways; that it had windows and doors, was equipped with washbasin, water tank, shower, numerous electrical outlets and fixtures, and a cupboard; that prior to November 19, 1942, it was used by appellee and family for the carriage of persons and property while traveling over the State, and on occasions was placed on vacant lots and there used and occupied by appellee and his family as their home.

The court concluded that the trailer was exempt from levy and sale under execution, within the meaning of secs. 9 and 10 of Art. 3832, R.C.S. These sections reserve to every family, exempt from attachment, execution, and every other species of forced sale for the payment of debts (sec. 9) two horses and one wagon, and (sec. 10) one carriage or buggy.

The court further found that about the 19th day of November, 1942, appellee purchased a lot in Highland Park, Dallas County, upon which was a brick veneer dwelling consisting of living room, dining room, kitchen, breakfast room and several bedrooms; that it was acquired by appellee for the purpose of a homestead for himself and family and has continuously been so used since that date; that after acquiring said lot, appellee placed thereon the house-trailer in question—alongside the residence, about 25 feet therefrom; set it on four wooden blocks; furnished same with electrical service by running a wire from a room in the residence to a connection with various plugs and outlets in the trailer to which were attached lights and electrical appliances; equipped same with a desk, some chairs, cot, a shower, washbasin and water tank; that appellee and members of his family took naps therein, used it as a den, office, and library; did reading there, kept records, and appellee did necessary studying for teaching classes in the technical high school of the City where he is employed as a teacher; also used the place for drafting work which he did during holidays and off periods for different companies, including Atlas Metal Works; that appellee had prepared to connect same with the water service in the residence so as to furnish a permanent supply of water; found specifically that said house-trailer has been used by appellee and members of his family as an adjunct to, and as a part of their homestead, for comfort and convenience; that they had so used and claimed it from the date same was placed on the homestead lot on or about November 19, 1942. The court's conclusion, based on the findings just stated, was that the trailer was a part of appellee's homestead and exempt from forced sale under execution, under Art. 16, sec. 49 of the Constitution of the State, Vernon's Ann.St. and Art. 3833, R.C.S. The court also concluded that, by attaching the trailer to the residence, as set out above, appellee did not lose the right to claim the trailer as exempt from forced sale as a vehicle, under secs. 9 and 10 of Art. 3832, R.C.S. Hence the court concluded that appellee could claim either or both of said exemptions.

The questions hereinafter discussed are properly presented.

If appellee had not waived or abandoned exemption of the trailer from forced sale as a vehicle, under secs. 9 and 10, Art. 3832, R.C.S., by attaching it to and using it as a part of his residence, we think, in view of the liberal interpretation given exemption statutes, that the court correctly held it to be exempt as a vehicle. See 18 Tex.Jur., § 32, p. 835, and authorities cited. However, we cannot assent to the proposition that exemption of the trailer as a vehicle continued after appellee ceased to use it as such and attached it to and used it as a part of his residence. The question presented is not simply the nonuse or suspension of the use of the trailer as a vehicle, but rather is that such a change in its use was made as to give it a different character and bring it under the provisions of an entirely dif-

ference exemption. We think it rather incongruous to say that the trailer was exempt from forced sale as a vehicle under the pertinent statutes controlling that subject, and at the same time was exempt as a part of appellee's homestead. In the absence of clear legislative intent, we do not think appellee can claim the trailer as exempt from forced sale under two dissimilar and unrelated provisions of the exemption law. 35 C.J.S., Exemptions, § 68, p. 109.

However, the judgment of the court, in our opinion, was clearly correct, based upon facts showing that the housetrailer had been attached to and made a part of appellee's homestead residence and used as such by himself and members of his family long before the levy. There are many cases illustrative of the liberal interpretation that our courts give to the homestead exemption statute; a few will be cited which we think show that at time of levy the trailer was devoted to such use as brought it within the spirit and purpose of the homestead exemption statute.

One of the leading cases is that of Cullers v. James, reported in 66 Tex. 494, 1 S.W. 314, 315, where the court had before it the question of whether or not a dwelling house built on leased land, being a mere chattel, was exempt as a homestead; the court held that it was, saying, among other things: "The exemption is, in terms, of lots or acres of land; but the object was to secure to the family a home. 'House' is necessarily embraced in the word 'homestead'." Franklin v. Coffee, 18 Tex. 413, 70 Am.Dec. 292. "If the head of a family owns a house, and no interest or estate in the land on which it stands, the house is a chattel. If he occupies it with his family, it is their home. He may be compelled to move it from one lot to another as fast as legal process can oust him, still, though ambulatory, unsatisfactory, and in all its appointments mean; though it advertises the thriftless poverty of its proprietor, and is a caricature of the princely possibilities of the exemption laws,—it is the home of a family, and is embraced in the spirit and purpose, if not the letter, of the constitution." To the same effect, see Anheuser-Busch Brewing Ass'n v. Smith, Tex.Civ.App., 26 S.W. 94; Luck v. Zapp, 1 Tex.Civ.App. 528, 21 S.W. 418; First National Bank v. Dismukes, Tex.Civ.App., 241 S.W. 199. Other cases could be cited to the same effect. Under these authorities, we think it clear that the house-trailer of appellee even though it did not become a legal fixture attached to appellee's residence lot, yet it was used for homestead purposes by appellee and his family, hence exempt as part of the homestead.

There are many cases holding that the nucleus of the exemption is the lot upon which the dwelling is situated; that it will draw to it all improvements or outhouses used for homestead purposes located thereon. This doctrine was announced in Panhandle Const. Co. v. Flesher, Tex.Civ.App., 87 S.W.2d 273; Maroney Hdw. Co. v. Connellee, Tex.Civ.App., 25 S.W. 448. In Seidemann v. New Braunfels State Bank, Tex.Civ.App., 75 S.W.2d 167, the court said the law is settled that "Lots used in connection with urban home for mere convenience to or enjoyment of homestead, or for pleasure or beautification of home, or for garden or orchard purposes, are entitled to homestead protection." In Rockett v. Williams, Tex.Civ.App., 78 S.W.2d 1077, 1078, in determining what is embraced within the scope of the homestead exemption, among other things the court said: "The idea of a homestead carries with it a place of residence, a domicile, and all property used in connection with the residence, such as a place of business, garden, garage, office, or shop, * * *." It is undisputed that when the trailer was levied upon, it was upon the homestead lot; was used by appellee and members of his family as an office, library, and other incidental residential purposes. The homestead exemption carries with it all improvements upon the lot, including all outhouses, such as the trailer. Beyond question, if the trailer, located and used as it was, had been the only improvement of any kind or character upon the homestead lot, it would have been exempt, and the fact that it was devoted to different family uses, as shown by the evidence, gave it the status of simply another room built onto the residence already upon the lot when it was purchased. We think it was clearly exempt and the judgment of the court was correct.

Appellant's assignments, in our opinion, are not well taken, are overruled, and the judgment of the court below is affirmed.

Affirmed.