**PLUMB et al. v. KLEIMANN et al.**

No. 12218.

Court of Civil Appeals of Texas. Galveston.

Nov. 9, 1950.

Rehearing Denied Dec. 7, 1950.

Miller & Rutta, of Columbus, for appellant.

Massey, Hodges & Moore, of Columbus, for appellees J. P. Coleman and Sinclair Prairie Oil Co.

MONTEITH, Chief Justice.

This action was brought by appellants against R. J. Kleimann, J. P. Coleman, and Sinclair Prairie Oil Company in regular form of trespass to try title for the recovery of 10 acres of land in Colorado County, Texas. At the conclusion of the evidence the Court sustained appellees' motion to discharge the jury and render judgment against appellants and in favor of appellees.

It was stiplated by the parties that both appellants and appellees claim under the same chain of title down to a deed from W. W. Weed et al. to Waterloo Loan and Trust Company, dated October 28, 1910.

Appellants, as heirs at law of F. C. Plumb, deceased, claim title under a deed from Waterloo Bank and Trust Company, Trustee, to F. C. Plumb, dated August 27, 1917, but not recorded until November 23, 1948. Appellees claim title under a sheriff's deed dated February 5, 1946, executed pursuant to an order of sale issued on a judgment in an escheat proceeding brought in the District Court of Travis County, pursuant to Chapter 4, Title 32 of the Revised Civil Statutes, said cause being numbered 73,169 on the docket of said Court, and styled The State of Texas v. Waterloo Loan and Trust Company, Trustee, et al.

Appellee Sinclair Prairie Oil Company claims its leasehold interest in the land in controversy by virtue of an oil and gas lease executed in its favor by J. P. Coleman.

The controlling question presented in the appeal is whether the judgment of the District Court of Travis County in the case of The State of Texas v. Waterloo Loan and Trust Company, Trustee, et al. is a judgment of a court of competent jurisdiction having jurisdiction of the parties and the subject matter and must be accorded verity, and whether it was subject to collateral attack by appellants who were strangers to that judgment.

Appellees alleged that they purchased the land in controversy with other acreage for a valuable consideration without notice, actual or constructive, of the adverse claim of appellants.

Appellants timely objected to the admission of the judgment in said cause No. 73,169 and its record when offered in evidence by appellees. They rely under appropriate points of assigned error on the alleged facts that said judgment affirmatively shows a lack of jurisdiction in the trial court to enter the judgment for the reasons that no petition as required by Titles 32 and 53 of the Revised Statutes was before the Court; and that the findings embodied in the judgment rendered in said cause affirmatively show an absence of pleadings or proof of the required and essential jurisdictional facts. They contend that the citation by publication in said cause was insufficient for the reason that the officers and directors, or trustees of the corporation were necessary parties to the suit since they were the holders of the legal title of any land held by the corporation between the time of the dissolution of the corporation and the winding up of its affairs. They contend that said judgment shows on its face that the corporation was not in existence at the time of the rendition of the judgment in that cause, and that the title to the lands held by the corporation had vested in its stockholders and were not subject to escheat proceedings, and that, for these reasons, the judgment in said cause was void and that it could be collaterally attacked by appellants.

Appellees rely as authority for their contention that the citation by publication in said escheat proceedings was sufficient on the case of Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102,

229 S.W. 847. In that case the defendant had failed to answer, and judgment was rendered against it in the prior suit. Appellant contended that it had not been properly served and that the previous judgment against it was not valid. The Supreme Court held in its opinion that the misnomer of a defendant in a citation merely entitles it to abate the proceeding until the misnomer is corrected, and that the judgment is not void.

The petition and citation in said Cause No. 73,169 named the corporation, its unknown stockholders and all persons claiming any title or interest in the land in controversy.

In the case of Abilene Independent Telephone & Telegraph Company v. Williams, supra, the Supreme Court in discussing the question as to when a collateral attack on a judgment is available held that numberless errors entitle a party to a reversal of a judgment on appeal or writ of error, which are not available when relied on to support a collateral attack on a judgment or to furnish a basis for equitable relief against its enforcement.

In 31 American Jurisprudence, Section 583, pages 181–184, it is said that " * * * the general rule is well settled that a judgment of a court of competent jurisdiction may not be impeached collaterally for mere errors or irregularities committed by the court in the exercise of its jurisdiction, or in the course of the proceedings, even though the error is one of law, and even though the error or irregularity appears on the face of the record * * *"

In the case of Whithers v. Patterson, 27 Tex. 491, the Court in discussing the question of the validity of judgments rendered by a court of competent jurisdiction held that a bonafide purchaser at an administrator's sale made in pursuance of an order which the Court has the power to make, takes a good title which is not affected by any irregularities in the proceedings of the Court and cannot be impeached collaterally.

Appellants further contend that the petition in the case of the State of Texas v. Waterloo Loan and Trust Company, Trustee, is insufficient for lack of verification.

In 34 Corpus Juris, Section 860, page 560, 49 C.J.S., Judgments, § 430, it is said that: "A judgment cannot be impeached collaterally on account of any defects in the pleadings which are amendable. * * * It is not ground for "collateral attack that the complaint was not verified, or was defectively verified, * * *" and that " * * * it is the general rule of law that a judgment rendered by a court having jurisdiction of the subject matter and the parties is not subject to collateral attack because of mere defects or informalities in the pleadings."

■ Appellants' contention that the citation by publication in said escheat proceeding was insufficient to supply the necessary presumption to show the service required by the Statutes and the Rules of Civil Procedure cannot, we think, be sustained.

The citation was to Waterloo Loan and Trust Company, an Iowa corporation, and the unknown stockholders of said corporation, and all persons claiming any title or interest in land under deed heretofore given Waterloo Loan and Trust Company, Trustee, grantee. The citation commands that each of the defendants in said suit are commanded to appear, etc.

The findings of fact in the judgment rendered recites that plaintiff through its agent filed an affidavit of service of citation by publication, and that such affidavit in all things complied with the statutes and rules of the Supreme Court of Texas.

■ In 34 Corpus Juris, 548, 49 C.J.S., Judgments, § 426, it is said: "In the case of a judgment against a non-resident defendant on service by publication of the summons, if the judgment recites that publication was 'duly made,' or was 'in all respects regular and according to law,' or that defendant was 'duly notified,' this is sufficient to sustain the validity of the judgment on collateral attack, in the absence of record evidence showing a failure to comply with the statute."

The following cases are cited in support of the above-announced principle of law. Sloan v. Thompson, 4 Tex.Civ.App. 419, 23 S.W. 613 and Moreland v. Quante, 134 Tex. 155, 134 S.W.2d 317.

In 25 Texas Jurisprudence, pages 857–862, it is said that, "A clear and definite recital of jurisdictional findings imports absolute verity, and, according to the weight of authority, is conclusive of the issue of jurisdiction; and no evidence of any kind—not even the remainder of the record—will be received in contradiction thereof, "even though such evidence would demonstrate that jurisdiction was not in fact acquired. * * * It is invulnerable to collateral attack, no matter how invalid it may be."

■ It follows, we think, in view of above authorities that no error was committed by the trial court in refusing to go behind the Court's findings in the escheat case on the sufficiency of service by publication in that cause. Further, the law seems to be clear and positive that appellants cannot collaterally attack the citation, the findings of fact or the judgment of the trial court in that case.

■ Appellees' contention that they were innocent purchasers for value at sheriff's sale, without actual or constructive notice of prior claim by F. C. Plumb or his heirs, and that they acquired good title to the land in controversy as against the prior unrecorded deed because appellants had failed to discharge the burden of showing that appellees had notice of the unrecorded deed to F. C. Plumb, must, we think, be sustained.

Article 6627, Revised Civil Statutes, provides that all conveyances of any land shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law.

In the case of Belcher Land Mortgage Co. v. Barfield, Tex.Civ.App., 244 S.W. 395, 397, the title of an execution purchaser was assailed because it was not shown by such purchaser that execution was levied prior to the execution of a deed under which defendants claimed title. In its opinion the Court said: "In this there is no merit, for, assuming that the deed was executed prior to the levy, the burden rested upon appellants, as claimants under an unrecorded deed, to show that Parker had notice of the deed at the time the levy was made."

The record in this case discloses that appellants did not discharge their burden of showing that either the State of Texas or J. P. Coleman had notice of the unrecorded deed to F. C. Plumb at the time the order of sale was issued, or that either of them had notice of the existence of such deed until it was filed for record November 23, 1948.

■ A bona fide purchaser is defined in 43 Texas Jurisprudence, page 620 as such a purchaser as acquires the apparent legal title to property in good faith for a valuable consideration and without actual or constructive notice of an outstanding equity or an adverse interest or title.

Article 3818, Revised Civil Statutes, reads: "A purchaser at a sale under execution shall be deemed to be an innocent purchaser without notice in all cases where he would be deemed to be such had the sale been made voluntarily by the defendant in person."

■ In the instant case appellants hold under a deed which was not recorded until November 23, 1948. They failed in the trial court to discharge their burden of showing that either the State of Texas or the purchaser at the execution sale had notice of appellants' claim of title prior to the issuance of the order of sale and the execution of the sheriff's deed. The trial court found that the execution purchaser, J. P. Coleman, bought the land in controversy as purchaser for value; and appellees, the purchasers from Coleman, acquired, we think, a superior title to the land in controversy. Appellee, Sinclair Prairie Oil Company as lessee under said purchaser, has, we think, a valid oil and gas lease on the land in controversy.

■ Appellants not having shown that the judgment in Cause No. 73,169, State of Texas v. Waterloo Loan and Trust Company, Trustee, is void for lack of jurisdiction, fraud or collusion, they cannot, under above authorities attack the judgment in said cause in a collateral attack. It fol-

lows, we think, that the trial court properly refused plaintiffs' motion to instruct the jury to return a verdict in their favor and that the judgment must be, in all things, affirmed.